T. A. Atkinson, solicitor-general, and W. D. Hamrick, by H. M. Reid, *contra*.

---

## Wallace *v.* The State.

Lumpkin, J.—1. Although the accused was indicted for assault with intent to murder, yet where the solicitor-general announced he would only ask a conviction for the offense of stabbing, which was a misdemeanor, and the trial judge stated he would instruct the jury there could be no conviction for the felony, and afterwards did so, there was no error in refusing to allow counsel for the accused two hours for argument, nor in limiting his argument to thirty minutes under the rule applicable in misdemeanor cases. See New Rules Superior Court, No. 6.    The cases of *Hunt* v. *The State*, 49 *Ga.* 255, and *Williams* v. *The State*, 60 *Ga.* 367, were decided before the rule in question was adopted.

2. The evidence was sufficient to warrant the jury in finding that the defendant was guilty of culpable negligence in using the knife; the charges of the court complained of were legal and pertinent, and were authorized by the evidence; the assignments of error as to the admission of evidence, not stating what were the grounds of objection, cannot be considered; and there was no error in refusing to grant a new trial.    *Judgment affirmed.*
October 8, 1894.

Indictment for assault to murder.    Before Judge Griggs.    Bibb superior court.    April term, 1894.

Wallace was found guilty of stabbing, and his motion for a new trial was overruled.    The defense relied solely on the code, §4302.    The testimony showed, that about

half past ten o'clock at night the defendant went to the house of a woman and told her he wanted to see her. She said, "I am sick to-night; don't bother me." He said, "You ain't much sick," and commenced to play with her, catching hold of her, etc. He had a pocket-knife open in his hand. She told him to go away, but he continued to do as before. She shoved at him to keep him away, and the knife stuck into her side, making a serious wound about one and a half inches deep. He was not angry; there were no cross words between them. He had been coming to see her about a year.

The court charged the jury: "If you believe from the evidence in this case, beyond a reasonable doubt, that this defendant stabbed this woman as charged in the bill of indictment, and that he did it intending to stab her and that he was not justified in so doing; or, that he did not intend to stab her but that it happened through negligence on his part, which you believe to be criminal negligence, then your verdict ought to be, guilty of stabbing." Also, that if the jury believed, beyond a reasonable doubt, that defendant struck the blow that inflicted the wound alleged to have been made by accident or misfortune, in order to acquit him it must satisfactorily appear that there was no evil intention or design or any culpable negligence on his part. These instructions were assigned as erroneous, because there was no evidence that the offense was committed with any intention or with any criminal negligence or culpable neglect on defendant's part.

JOHN R. COOPER, for plaintiff in error. W. H. FELTON, solicitor-general, by HARRISON & PEEPLES, *contra.*