## MATHEWS v. THE STATE.

104 497
104 501
104 497
f125 280

The testimony in this case was not sufficient to authorize the conclusion, beyond a reasonable doubt, that the alleged assault was made with a weapon likely to produce death or with an intent to kill. The court therefore erred in not granting the motion for a new trial.

Submitted March 7, — Decided March 22, 1898.

Indictment for assault with intent to murder. Before Judge Reese. Oglethorpe superior court. October term, 1897.

*McWhorter & Cloud*, for plaintiff in error.
*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

SIMMONS, C. J.　Mathews was found guilty of an assault with intent to murder, the indictment charging that the assault was made with an instrument to the grand jurors unknown, "the same being a weapon likely to produce death." He moved for a new trial, on the grounds that the verdict was contrary to law and the evidence and without evidence to support it.　This motion was overruled, and he excepted.　It being the province of the jury to pass upon questions of fact and to determine the truth when the evidence is conflicting, this court will not disturb their finding, which was approved by the trial judge, if there is any evidence to support it.　The

question of whether there is sufficient evidence to support a finding is, however, a matter of law to be determined by the court, and may be here reviewed. The testimony introduced by the accused tended to prove an alibi, and he contends not only that his identity was not sufficiently proved but also that the evidence did not show that the offense of assault with intent to murder was committed at all. In regard to the first of these contentions, we think that the State's evidence was sufficiently strong to authorize the jury to find that the accused was the person who committed the assault, if any assault was committed. In regard to the other contention, we think that the evidence was not legally sufficient to authorize a finding that an assault with intent to murder was committed. The evidence of the prosecutor shows that, one evening shortly after dark, some one ran against him from behind and *struck at* him. He testifies that the blow was aimed at him, and that the weapon used was some heavy substance. The evidence shows that the accused was a quarryman and that he and some of his fellow-workmen brought their hammers home with them from work on that evening. The accused had a quarryman's hammer (a blow from which would be likely to produce death) shortly before the alleged assault; and when he was arrested an hour or two after that time, this same hammer was found on his premises. There is no proof that the person who committed the assault had at that time any weapon of a character which could be termed deadly. The prosecutor swears that the weapon was some heavy substance, but he explains that he did not see "any hammer, nor any hard substance, nor any other weapon." He was not struck at all by the weapon, and there were no marks of the weapon left upon his person or clothing or upon the ground in which the tracks of his assailant appear to have been so unmistakably imprinted. The prosecutor's only reason for believing that the weapon was a heavy substance was, that he heard it when he was struck at, and it sounded like a heavy substance. In order to convict the accused, under the indictment, it was necessary to prove that the instrument with which the assault was made was a "weapon likely to produce death." This may be shown by direct or

circumstantial evidence, but must be proved.　In the present case there is no evidence as to the nature of the instrument used, except the testimony of the prosecutor, which, on this point, is substantially as given above, and this we think is not sufficient to show the deadly character of the instrument used. There is grave doubt as to whether it is possible, under such circumstances, to tell the character of a weapon by the sound which it might make when used to strike a single blow at one's head; and even if this be possible, we think that the prosecutor's judgment is still unreliable for the reason that the blow of a light stick or switch is apt to make much more noise than that of the average deadly weapon.　It is scarcely within the realms of possibility that a man, stumbling against another, could have struck a blow with a heavy hammer which, although the hammer came in contact with neither the ground nor the party at whom the blow was aimed, could have been heard as it went over the head of the person attacked.　It also appeared that the alleged assault was committed quite near a large crowd, gathered at the depot on the arrival of a train, and within twenty feet of a conductor with a lantern whose light enabled the prosecutor to see his fleeing assailant and to "recognize the form" of the accused.　Yet he did not see any weapon whatever in the hands of the running man.

In the case of *Paschal* v. *State*, it was held that "Where an indictment charged the commission of an assault with intent to commit murder by using a weapon likely to produce death, the proof must show that such was the character of the weapon. This may be done by producing the instrument itself, or showing the effect of it, or other satisfactory evidence, but must be done in some way." 68 *Ga.* 818, and cases cited.　An examination of the *Paschal* case, and a comparison of that case with the present, will show that the evidence in this case is even weaker than in that.　In this case we must hold, as the court did in that, that the evidence was not sufficient to warrant the conclusion, beyond a reasonable doubt, that the alleged assault was committed with a weapon likely to produce death.　An assault with intent to murder may be committed without the use of any weapon, but in such case the evidence must show an

intent to kill. No such intent appears in this case, the evidence tending rather to show either a simple assault or an accidental collision. Besides, the indictment expressly charges that the assault was made with a weapon likely to produce-death. The evidence not showing that the alleged assault was committed with a weapon likely to produce death or with an intent to kill, the verdict is contrary to law, and should, on motion, have been set aside.

*Judgment reversed. All the Justices concurring.*