5316.  WIGGINS *v.* THE STATE.

RUSSELL, C. J.  1. Before one can be convicted of the offense of assault with intent to murder, there must be proof sufficient to satisfy the jury, beyond a reasonable doubt, of a specific intent to kill the party assaulted. It was therefore error, in the trial of such a case, to charge the jury that "before you can find the defendant guilty of assault with intent to murder, you must find all the elements required to prove or to show that, if there had been a killing, the killing would have been murder; in other words, an assault with intent to murder must possess all of the elements of the offense of murder, before there can be a conviction of the offense of assault with intent to murder." Taken alone, without an additional instruction that the specific intent to kill must be shown, this charge was susceptible of the construction that if the offense would have been murder had death ensued, then the jury would be authorized to find the accused guilty of assault with intent to murder. *Wimberly* v. *State,* 12 *Ga. App.* 541 (77 S. E. 879); *Duncan* v. *State,* 1 *Ga. App.* 118 (58 S. E. 248); *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863).

2. The main issue involved in the trial of this case was whether or not the accused was justifiable in resisting illegal arrest or an unlawful attempt to detain his person. The question whether he had been guilty of a crime, committed at a different time from that for which the arrest was made, was irrelevant to any issue on trial. It was therefore error to permit a witness who had presided in the mayor's court, and before whom the accused had been arraigned, to testify that the witness had been informed that the accused had been in the habit of selling liquor in his place of business, and of keeping it there for the purpose of giving it to minors. And for the same reason it was error, prejudicial to the accused, to allow the introduction of testimony to the effect that the accused was guilty of selling intoxicating liquor at a time other than

that mentioned in the warrant under which he was arraigned in the mayor's court.

3. In the trial of one in a police court for a violation of a municipal ordinance, the presiding officer of that court has the right to bind the accused over to a State court, if it appears that he has been guilty of a violation of a State law. In the present case, however, the warrant purporting to have been issued upon an affidavit, and no oath having been administered to the affiant, no warrant could legally issue.

4. There was no evidence which authorized an instruction to the jury upon the theory that the accused had voluntarily submitted himself to arrest; and consequently it was erroneous to charge the jury, in effect, that if the accused had voluntarily submitted to arrest, his rights would be the same as if the arrest had been legal in the first instance. The evidence was not sufficient to show that the accused had committed any crime in the presence of the arresting officer, and, the officer having no valid warrant for his arrest, the detention of his person was illegal. The fact that after he was arrested the accused voluntarily gave bond for his appearance before the mayor's court, in order to prevent imprisonment in jail, does not authorize the conclusion that he voluntarily submitted to arrest.

5. If an officer clothed with authority to make an arrest sees a crime committed, he has the right to arrest then and there, without a warrant, but if the officer neglects to make the arrest, and waits for several days, until he has had ample time to have a warrant issued, an arrest for that offense, without a warrant, would be illegal.

6. The case is a close one on its facts, and the instructions of the trial judge were not in harmony with the views above announced; and the errors thus committed, together with the erroneous ruling on the admission of testimony, which must be presumed to be prejudicial, required the grant of a new trial.                     *Judgment reversed.*
                    DECIDED JANUARY 27, 1914.

Conviction of assault with intent to murder; from Tattnall superior court—Judge Sheppard.   September 27, 1913.

*Twiggs & Gazan, H. C. Beasley,* for plaintiff in error.

*N. J. Norman, solicitor-general, W. G. Worrell,* contra.