### 8905. McLANE *v.* THE STATE.

GEORGE, J. 1. Where the accused in a criminal case exercises his right to make a statement to the jury, it is the duty of the presiding judge to instruct the jury substantially in the terms of the statute touching the prisoner's statement. Where, however, the statement neither admits nor denies guilt, and the evidence for the State is uncontroverted and sufficient to warrant and uphold a conviction, the omission to instruct the jury substantially in terms of the statute touching the weight and credit to be given to the prisoner's statement will not require a new trial. See *Doster* v. *State*, 93 *Ga.* 43 (4) (18 S. E. 997).

2. On the trial of one indicted for assault with intent to murder by the use of a deadly weapon, the burden is on the State to show (1) the

assault, (2) the deadly character of the weapon, (3) the intent to take life, and (4) the commission of the assault under such circumstances that, had death ensued, the party making the assault would have been guilty of the offense of murder. Accordingly, the failure to charge the jury in effect that the specific intent to take human life is a necessary element in the offense of assault with intent to murder will require a reversal, where the trial results in a verdict of guilty of the offense of assault with intent to murder, and the evidence does not demand a finding that the assault was made with the specific intent to take life. On this question, the charge of the court assigned as error is as follows: "An assault is an attempt to commit a violent injury upon the person of another. Assault with intent to murder is by using any weapon likely to produce death." The charge as a whole sufficiently covered the essential elements in the offense of assault with intent to murder, with the exception noted. The failure to give the omitted instruction, in substance or effect, was harmful, under the facts in this record.

3. The further assignments of error are without substantial merit.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED SEPTEMBER 13, 1917.

Indictment for assault with intent to murder; from Hart superior court—Judge Hodges. April 21, 1917.

*A. A. McCurry,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.