### 10563.   HARDY *v.* THE STATE.

The evidence as to the wounds inflicted by a pocket-knife was sufficient
to authorize the inference that the knife was a deadly weapon and
was used in a manner likely to produce death; and this, in connection
with the other evidence in the case, was sufficient to authorize the
jury to infer malice and intent to kill.

DECIDED JULY 23, 1919.

Conviction of assault with intent to murder; from Jackson
superior court—Judge Cobb.   March 22, 1919.

*J. S. Ayers,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BLOODWORTH, J.   The plaintiff in error was convicted of assault
with intent to murder.   In the brief filed by his attorney it is
insisted that the evidence does not show that the knife used was
a weapon likely to produce death, and that the evidence also fails
to show malice or intent to kill, and therefore the judgment is
without evidence to support it, and should be set aside.   The
motion for a new trial contains the general grounds only.   It is
true that "when it is charged in the indictment that the assault
was made with a weapon likely to produce death, the character of
the weapon enters into a description of the offence, and must be
proved like any other essential feature" (*Paschal* v. *State,* 125
*Ga.* 279, 280, 54 S. E. 172); yet in the decision from which the
statement quoted above is taken it is said:   "This allegation might
have been established by direct proof as to the character of the
weapon, by an exhibition of it to the jury, *or by evidence as to
the nature of wound, or other evidence such as would warrant
the jury in finding that the instrument was one calculated to
produce death.*"   (Italics ours.)   In *Mathews* v. *State,* 104 *Ga.* 499
(30 S. E. 727), the Supreme Court said:   "In order to convict
the accused, under the indictment, it was necessary to prove that
the instrument with which the assault was made was a 'weapon
likely to produce death.'   This may be shown by direct or circum-

stantial evidence, but must be proved." The person assaulted swore on the trial of this case: "I saw Tom Hardy on or about the 29th of July, 1917, at the depot in Pendergrass. He was messing with my wife, and I said 'Tommie, you quit messing with my wife,' and he jumped up and cut me with a pocket-knife and run off. He cut me awful bad. I will let you see for yourselves. (Exhibits neck.) Like to have killed me. I laid in eight months not able to do nothing. . . After he cut me I could not hold my head straight to save my life. If I had held my head straight I would have bled to death before the doctor got there."

In *Nelson* v. *State*, 4 *Ga. App.* 223 (60 S. E. 1072), the 1st and 2d headnotes are as follows: "The lethal character of the weapon used in making an assault may be inferred from the effect and nature of the wound inflicted." "The intent to kill may be shown by the use of a deadly weapon in a manner likely to produce death." Applying these principles to the evidence in this case, including an inspection of the wound by the jury, we think there was proof enough to "justify an inference by the jury that the knife used was in truth a deadly weapon," and to show that it was used in a "manner likely to produce death," and that this, in connection with the other evidence in the case, was sufficient to authorize the jury to infer malice and intent to kill. "There being evidence tending to show the guilt of the accused, the jury having believed it, as shown by their finding him guilty, and the trial judge being satisfied therewith, this court cannot say that he abused the discretion vested in him by law to grant or refuse new trials." *Allen* v. *State*, 91 *Ga.* 189 (16 S. E. 980).

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*