### 14155.  JAMES *v.* THE STATE.

1. The court did not err in allowing evidence to go to the jury as complained of in the motion for a new trial.

2. There is no merit in any of the grounds of the motion for a new trial which allege that the judge erred in his insrtuctions to the jury.

3. The evidence was sufficient to authorize the jury to reach the conclusion that the knife used by the defendant was a weapon likely to produce death.

DECIDED MARCH 6, 1923.

Indictment for assault with intent to murder; from DeKalb superior court — Judge Hutcheson. November 20, 1922.

*H. C. Holbrook,* for plaintiff in error.

*A. M. Brand, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case charges that the accused " with a certain knife, the same being a weapon likely to produce death," did make an assault upon T. E. Whaley, and did cut and stab him with intent to kill him.

1. Complaint is made that the court erred in allowing Tom Jackson to testify as follows: " I turned as defendant ran by me, and he cut me; he cut me in the back of the arm; he cut me directly after he cut Mr. Whaley; he ran by me and cut me as he ran by," the defendant objecting to the testimony on the ground that " what the defendant did to some one else was irrelevant and immaterial." It is complained that the court erred in allowing another witness to testify that the defendant cut Tom Jackson. The record shows that immediately after the accused cut Mr. Whaley he ran down the street, and as he passed Jackson he cut him. The court did not err in allowing this evidence to go to the jury. *Lee v. State,* 8 *Ga. App.* 413 (3) (69 S. E. 310); *Martin v. State,* 10 *Ga. App.* 797 (2) (74 S. E. 304); *Goldberg v. State,* 20 *Ga. App.* 163 (2) (92 S. E. 957); *Farmer v. State,* 100 *Ga.* 43 (2) (28 S. E. 26); *Frank v. State,* 141 *Ga.* 256, 257 (80 S. E. 1016).

2. The 2d headnote needs no elaboration.

3. The indictment charged that the assault in this case was made " with a certain knife, the same being a weapon likely to produce death." In the motion for a new trial it is alleged that no evidence was introduced at the trial to support the allegation that the weapon used by the defendant was one " likely to produce death." The record shows that the weapon used was a pocket-knife; that the person assaulted was cut in his side; that " the doctor took seven stitches in the wound to sew it up," and that the wound was exhibited to the jury. In *Nelson v. State,* 4 *Ga. App.* 223 (1) (60 S. E. 1072), this court held: " The lethal character of the weapon used in making an assault may be inferred from the effect and nature of the wound inflicted." When

all the facts are considered, including an inspection of the wound by the jury, we think there was enough before the jury to authorize it to reach the conclusion that the knife used was a weapon " calculated to produce death." See *Hardy* v. *State*, 24 *Ga. App.* 141 (100 S. E. 20), and cases cited in the opinion. The case of *Paschal* v. *State*, 125 *Ga.* 279 (54 S. E. 172), is not in conflict with the foregoing ruling.

4. No error of law having been committed on the trial, and the finding of the jury not being without evidence to support it, the judge did not err in overruling the motion for a new trial.

        *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*