20281. CHISHOLM *v.* THE STATE.

DECIDED APRIL 15, 1930.

*Smith & Millican,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

LUKE, J. The indictment charges that on December 24, 1928, in Carroll county, Boots Chisholm committed an assault with intent to murder, by cutting and stabbing T. A. Land with a pocketknife. The jury found the defendant guilty of unlawfully stabbing another, and the court sentenced him to pay a fine of $100 or serve twelve months in the chain-gang. The exception here is to the judgment overruling the motion for a new trial, based on the usual general grounds, and on one special ground complaining of the charge of the court.

T. A. Land, sworn for the State, testified that on the night of December 25, 1928, eight or ten boys, including himself, were throwing firecrackers, five inches long, about the town of Villa Rica; that at about 7:30 o'clock several of these firecrackers were exploded within a yard or two of the defendant, who at the time was squatting down, fixing a puncture in an automobile tire; that witness did not know whether or not one of these firecrackers would put out a man's eye, but that "they shot pretty loud." The witness testified as follows about his wounds: "I was cut across the nose and lip—split the nose and lip, my lower lip—split it wide open, and taken four stitches in the lower lip—taken thirty-nine stitches in the lip and four in the hand. I got cut in the hand by throwing the hand up like that when he struck me. That was the second lick. I do not remember when I got struck in the face, whether it was the first lick he hit me or the second lick." The witness further testified as follows: "I did not hear this defendant say anything to me before I was cut until I started to throw that firecracker. I had lit it, and had to throw it or hurt my hand. He told me not to throw it. It came near this boy. I just threw it out

like that, and it bursted just a little piece from him. . . I guess it was two or three yards from this defendant when it bursted."

James Farr, sworn for the State, testified: that he and the other boys were shooting firecrackers on the night in question; that Land threw a firecracker in the opposite direction from the defendant, and that it exploded ten or twelve feet from the defendant; that he never heard the defendant tell Land not to throw the firecracker; and that one of those firecrackers exploding in a person's face would be likely to put out an eye. This witness further testified: "I saw Boots Chisholm cut T. A. Land on the 24th of December, 1928. I can not tell you what he cut him with. It looked like a pocket-knife to me. . . When the negro walked up he never said a word—just come down like that with a knife."

The defendant made the following statement to the jury: "I was down side the street fixing a puncture, and this boy threw a firecracker down there. I asked him not to throw them down there, and he told me he would throw one in my damned face. I had an old tube up there scraping it where I put the patching on it. He pitched it up there, and when he pitched it up there I cut him."

The only special ground of the motion for a new trial complains that the court erred in charging the jury that if Land was making an assault upon the defendant which did not amount to a felony and was only a misdemeanor, the defendant would not be justified in resenting it with a deadly weapon, and that "it was for the jury to determine whether or not a pocket-knife, used in the manner in which the evidence shows it was used, was a weapon likely to produce death; and if it was used in the manner in which the evidence shows it was used, a weapon likely to produce death, and Land made an assault on Chisholm which did not amount to a felony, then he would not be justified in assaulting him with a deadly weapon." It is contended, first, that there was no evidence or circumstance to warrant a charge upon the theory that the weapon used by the movant was a weapon likely to produce death. We think that the jury had the right to say, under the evidence relating to the nature of the wounds, whether or not the weapon used was a deadly one. Furthermore, the defendant was not convicted of an offense where intent to kill had to be shown. Under the evidence of the witness Farr that the weapon used by the defendant looked to him like a pocket-knife, the court's charge upon the

theory that the weapon was a pocket-knife is not reversible error. The charge was not erroneous for any reason assigned, and the evidence abundantly sustains the verdict.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*