### 26337. JACKSON *v.* THE STATE.

MacIntyre, J. 1. "On the trial of one indicted for assault with intent to murder by the use of a deadly weapon, the burden is on the State to show (1) the assault, (2) the deadly character of the weapon, (3) the intent to take life, and (4) the commission of the assault under such circumstances that, had death ensued, the party making the assault would have been guilty of the offense of murder." *McLane* v.

*State*, 20 *Ga. App.* 825 (2) (93 S. E. 558). When an indictment charges the commission of the offense of assault with intent to murder by using a knife such as was "likely to produce death," the proof must show that it was a weapon of this character; *but this may be done by evidence as to the nature of the wound*, as well as by direct proof of the character of the weapon. *Paschal* v. *State*, 125 *Ga.* 279 (54 S. E. 172); *Martin* v. *State*, 36 *Ga. App.* 288 (136 S. E. 324). "While the intent to kill is not *conclusively* shown by the use of a weapon likely to produce death *(Posey* v. *State*, 22 *Ga. App.* 97, 95 S. E. 325), such intent may be gathered from circumstances *(Lovett* v. *State, 9 Ga. App.* 232, 70 S. E. 989), and is a matter for the determination of the jury. *Wimberly* v. *State*, 12 *Ga. App.* 540." *Griffin* v. *State*, 50 *Ga. App.* 213 (177 S. E. 511).

2. There being evidence in this case from which the jury had the right to conclude that, without sufficient provocation, Steve Jackson tripped Ivey Hendley and, with the intent to kill, cut him in the ribs, shoulder, and neck with a knife before bystanders pulled Jackson off Hendley, and that one of the wounds in the neck was "deep enough to reach the jugular vein" and "right near" the carotid artery and the jugular vein, but not touching either, we are constrained to hold that the evidence supported the verdict of "assault with intent to murder," and that the court did not err in overruling the motion for new trial containing only the usual general grounds.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided September 9, 1937.

*D. A. Bragg, Charles G. Reynolds,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.

