34426.   BROWN *v.* THE STATE.

Decided January 20, 1953—Rehearing denied February 3, 1953.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In the first ground of the amended motion for new trial, error is assigned on the contention that the venue of the offense was not proven. The witness Reeves testified that he was about 15 or 20 feet from White when he was cut, that White then walked past him. Reeves then stated: "That place where I saw Linton White and saw him bloody, that is in Washington County, Georgia." There was no other evidence as to venue, and nothing to raise a conjecture that the killing did not occur in Washington County. Slight evidence as to venue is held to be sufficient when there is nothing to warrant a contrary inference. *Climer* v. *State,* 204 *Ga.* 776 (51 S. E. 2d, 802); *Lee* v. *State,* 176 *Ga.* 215 (167 S. E. 507). The ruling in *Futch* v. *State,* 90 *Ga.* 472 (2) (16 S. E. 102), to the effect that proof that the homicide was committed at a point 25 or 30 steps (75 to 90 feet) from a house, together with proof that the house was within a certain county, did not sufficiently establish venue, is not controlling authority for holding that venue was not proved in the case here, where the distance involved was only 15 or 20

feet, in view of the holding in *Lee v. State,* supra, and *Martin v. State,* 193 *Ga.* 824 (4) (20 S. E. 2d, 266), that the *Futch* case, if in conflict with the rule above stated, would not be followed. This ground is without merit.

■ In the second and third grounds of the amended motion, error is assigned on the admission of testimony above set out, to the effect that the defendant, after stabbing White, made an assault with a knife upon the witness Lane, on the ground that such testimony was prejudicial to the defendant and wholly disconnected from the offense for which he was on trial.

Evidence of the commission of an offense which is wholly independent from that for which the defendant is on trial, and which does not tend to prove his guilt of the crime charged, is inadmissible. *Bacon v. State,* 209 *Ga.* 261 (71 S. E. 2d, 615). The true test is whether there is some logical connection between the two crimes, in such manner that proof of the one is a probative circumstance tending to show the other. Evidence that the defendant, after committing the homicide, drove his car to another point where he committed two additional homicides was held in *Swain v. State,* 162 *Ga.* 777(2) (135 S. E. 187), admissible both to prove res gestae and to show motive, although the defendant made no denial of the homicide for which he was on trial. See also *Glover v. State,* 137 *Ga.* 82(1) (72 S. E. 926); *James v. State,* 30 *Ga. App.* 36(1) (116 S. E. 663). While no witness actually saw the stabbing, for which reason there is no testimony as to the exact lapse of time between that and the subsequent assault, it appears from the testimony as a whole that the two occurrences were very close in point of time. The men were seen leaving together; White was seen returning followed by Brown not more than five minutes thereafter; Lane saw White walking away (in search of a doctor according to Reeves' testimony), and then saw the defendant approaching him with a knife, stating he was going to "get" him too. Such testimony has probative value as tending to show the violence of passion or malice of the defendant (essential ingredients of the crimes of manslaughter and murder respectively), which had not subsided at the time of the second assault, and as thus throwing light on his state of mind, and in consequence his intent, at the time of the homicide. It is apparent that, what-

ever interval of time elapsed between the two events, it was not sufficient for the defendant to return to a normal state of mind and give thought to the consequences of his actions; and, this being so, it constituted a part of the res gestae. The admission of this testimony was without error.

■ Error is assigned in special ground four on the court's charge on the subject of voluntary manslaughter, it being contended that such charge was without evidence to support it. In *Mixon v. State*, 7 *Ga. App.* 805 (4) (68 S. E. 315), it was held: "Wherever a homicide is neither justifiable nor malicious, it is manslaughter; and, if intentional, is voluntary manslaughter." The defendant stated that he stabbed White after White had made an assault on him with a pair of knucks. An assault so made cannot be said, as a matter of law, to be an assault with a weapon likely to produce death, which would justify the defendant in killing his assailant; and for this reason the law of voluntary manslaughter is necessarily involved and should be given in charge, it being further contended that the homicide occurred in an effort to repel the same. See *Tanner v. State*, 145 *Ga.* 71 (1) (88 S. E. 554). The charge on this subject was without error.

4. The verdict is supported by the evidence and, no error of law appearing, will not be disturbed by this court.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*