## 37739. CROSBY v. THE STATE.

DECIDED JULY 7, 1959—REHEARING DENIED JULY 20, 1959.

Maxwell Eugene Crosby, *pro se.*
*W. B. Skipworth, Jr., Solicitor,* contra.

GARDNER, Presiding Judge. 1. We will first discuss the motion
to dismiss the bill of exceptions. Ground 1 of the motion assigns
error because it is alleged that the defendant did not comply
with Rule 89 of the Rules of the Superior Courts of Georgia
(Code § 24-3389). There was no objection made in the trial
court to such omission and since this is a rule of the trial court
we will not dismiss the bill of exceptions on this ground.

As to ground 2 of the motion which alleges that the bill of
exceptions was not tendered in time, the motion for a new trial
having been denied on March 27, 1959, and the bill of exceptions
not tendered until April 27, 1959, we find the law on this point
to be such that we cannot dismiss the bill of exceptions on this
ground. Counting March 27, 1959, as the first day, the thirtieth

day thereafter would be April 25, 1959. April 25, 1959, was a Saturday. The General Assembly passed a law in 1958 (Ga. L. 1958, p. 388) codified as Code § 102-102 which reads as follows: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty, shall have through the following Monday to exercise such privilege or to discharge such duty." It follows that the bill of exceptions, having been filed on Monday, April 27th, was filed in time.

Ground 3 of the motion to dismiss goes to the point that no brief of evidence is before the Court of Appeals. When there is no brief of evidence filed in a record such as is here involved, this court will affirm the verdict and judgment of the trial court.

2. The verdict and judgment stand affirmed, since the defendant did not file a brief of evidence, in so far as the general grounds are concerned.

3. Special ground 1 assigns error in that it is alleged that the court erred in trying the defendant without the benefit of an indictment, under the provisions of Code (Ann.) § 27-704. The defendant was tried on an accusation brought by the solicitor-general, which procedure is not in conflict with the provisions of Code (Ann.) § 27-704. Moreover, there is nothing in the record to show that the defendant objected to being tried under this procedure. There is no merit in this contention.

4. Special ground 2 assigns error because it is alleged that the court erred in sustaining objections to "entrance" of illegal evidence by the solicitor, under the provisions of Code § 27-207, which provides that no arrests can be made without a warrant unless the crime was committed in the presence of an officer. That section provides also that an arrest may be made without a warrant where there is likely to be a failure of justice otherwise. Under the record of this case, *Sherman* v. *State,* 2 *Ga. App.* 148 (58 S. E. 393) is not applicable since the record in the instant case does not show illegal search and seizure. *Wiggins* v. *State,* 14 *Ga. App.* 314 (80 S. E. 724) has no bearing on the instant case. Moreover, this record does not disclose that the defendant urged this defense at the trial. This special ground is not meritorious.

5. Special ground 3 assigns error because it is alleged that the court erred in not charging the jury in regard to the law concerning search warrants. This special ground is connected with special ground 2 hereinabove discussed. The defendant cites the following cases in support of his contention: *Hughes* v. *State*, 2 *Ga. App.* 29 (1) (58 S. E. 390); *Smith* v. *State*, 84 *Ga. App.* 79 (65 S. E. 2d 709); *Pickett* v. *State*, 99 *Ga.* 12 (25 S. E. 608, 59 Am. St. Rep. 226). These cases have no bearing on the record now before us. Moreover, this contention has nothing to do with the merits of the case and the record does not disclose that the defendant urged such defense at the trial. This ground is not meritorious.

6. Special ground 4 assigns error because it is alleged that the court erred in not reducing to writing the evidence and statement of the defendant under the provisions of Code § 27-405. There is nothing in this record to disclose that the defendant urged that the evidence be taken at the trial, and transcribed. This ground is not meritorious.

7. Special ground 5 assigns error in that it is alleged that the court erred in denying the defendant's motion for the return of seized property and suppression of evidence under the Constitution of the United States. This ground does not disclose a valid assignment of error in this court and is therefore not meritorious.

The court did not err in denying the motion for a new trial on any of the special grounds or for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*