40477. BENNETT et al. v. THE STATE.

DECIDED JANUARY 23, 1964.

*Howe & Murphy, Harold L. Murphy,* for plaintiff in error.
*Dan Winn, Solicitor General, John T. Perren, Assistant Solicitor General,* contra.

HALL, Judge. In the present case error is assigned on the recharge of the court when the jury, after deliberating a time, requested clarification of the difference between the crime of assault with intent to murder and the crime of stabbing. In response to this request the court charged, in part: "In order to understand the offense of assault with intent to murder, you have to understand the definition of murder, although in an assault with intent to murder death does not ensue, otherwise the offense would be the same as murder. Murder is the unlawful killing of a human being in the peace of the state, by a person of sound memory and discretion, with malice aforethought, either express or implied, whereas stabbing is defined as, any person who shall stab another except in his own defense or other circumstances of justification, with a sword, dirk, knife, or other instrument of like kind, . . . In connection with the offense of stabbing, you should know the definition of manslaughter in order to apply that portion of manslaughter to the offense of stabbing, although death did not ensue. Manslaughter is the killing of a human creature without malice, and without any mixture of deliberation whatever, . . ."

The general rule is that the court's charge must be construed

as a whole, and if a required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error. *Marcus v. State,* 76 Ga. App. 581 (46 SE2d 770). And it has been held, "When the court has charged, fully, all the law of the case, and the jury, after consulting, return for further instructions upon some particular point, the court is not bound to repeat all the law favorable to the accused." *Hatcher v. State,* 18 Ga. 460 (5); *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407).

This principle is inapplicable in the present case, considering the whole charge and the jury's special request that the court clarify the difference between assault with intent to murder and stabbing. In these circumstances, even though the main charge on these crimes is not complained of as being incorrect or incomplete, the court was bound to make it clear in its recharge that to convict of assault with intent to murder the jury must determine from the evidence that the defendants intended to kill. *Howard v. State,* 2 Ga. App. 830 (59 SE 89); *Wiggins v. State,* 14 Ga. App. 314 (80 SE 724); *Emanuel v. State,* 43 Ga. App. 339 (158 SE 761). The intent to take life is a necessary element of the crime of assault with intent to murder, and failure to so instruct the jury is reversible error. *McLane v. State,* 20 Ga. App. 825 (93 SE 558); *Jackson v. State,* 56 Ga. App. 374 (192 SE 633). There can be a conviction of stabbing without proof that the defendant intended to inflict a wound, since criminal negligence may take the place of intent. *Wallace v. State,* 95 Ga. 470 (20 SE 250). There can be a conviction of murder without proof of an actual intention to kill. *Duncan v. State,* 1 Ga. App. 118 (58 SE 248). The jury could have understood from the court's recharge that they were authorized to convict of assault with intent to murder even though they did not find that the defendants intended to kill their victim.

The trial court erred in overruling special ground 1 but did not err in overruling the other grounds of the defendants' motion for new trial.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*

884

## CORRECTIONS.

Page 211, line 15 from top. Change "authority" to read "authorities".

Page 421, line 6 from top. Change "108 Ga. App., post" to read "109 Ga. App.     ".

Page 622, line 15 from bottom. Change sentence which begins paragraph to read: "The inventory requirement is not made a condition precedent to an action on the policy, consequently if there was a failure to furnish that information it would not bar this action."

Page 828, line 3 from top. Change "effected" to read "affected".