46916, 46917.   HANNAH v. THE STATE (two cases).

Submitted February 7, 1972—Decided February 25, 1972.

*Sanders, Mottola & Haugen, Gus L. Wood,* for appellants.

DEEN, Judge. ■ The lethal character of the weapon used in making an assault may be inferred from the nature of the weapon and effect of the wound inflicted. *Nelson v. State,* 4 Ga. App. 223 (60 SE 1072); *Hardy v. State,* 24 Ga. App. 141 (100 SE 20); *Jackson v. State,* 56 Ga. App. 374 (1) (192 SE 633); *Wells v. State,* 125 Ga. App. 579. It may also be inferred from the circumstances under which the weapon is used. It appears here, as to the pistol, that James Hannah left the restaurant and returned almost immediately with it, pointing it at Goforth, and stating he was going to kill him. Absence of positive testimony that the weapon was loaded at the time does not negate the conviction since from all the circumstances the jury might infer equally with the participants that it was. As to the knife, it was actually exhibited to the jury and additionally there was testimony both as to the wound in the arm and a cut down Goforth's back which at the same time completely severed a leather belt which he was wearing. Count 1 of the indictment in each case was sufficiently supported by evidence of the lethal character of the weapon used.

■ Under *Code Ann.* § 26-801 (b) (3), a person may be charged with and convicted of a penal offense where he intentionally aids or abets in the commission of the crime although it was committed by another. Thus although the terminology of parties to a crime as principals in the first and second degree has been abolished, the concept, as relating to criminal responsibility, remains constant. "Aid or abet" as used here should be given the same meaning as in former *Code* § 26-501 defining a principal in the second degree as one "who is present, aiding and abetting the act to be done." While Clarence Hannah might have been convicted for the offense of aggravated assault under Count 1 by reason of his stabbing Goforth, regardless of whether or not there was any relation between his act and those of his brother, under Counts 2 and 3 his conviction is justifiable only if the evidence warrants a finding that he aided and abetted his brother, the only defendant who had a pistol. Additionally, the question is raised whether, even if he did

aid and abet, he can be convicted of the offense of battery with a pistol where James Hannah is the only person connected by any testimony whatever with the act of striking Richard Addison with a pistol, and on his own trial on the day following Clarence Hannah's conviction James was in fact acquitted. The question is answered by *Code Ann.* § 26-802 which stated specifically that a party to a crime who did not directly commit the crime may be convicted on proof that (a) the crime was committed and (b) that he was a party thereto as defined in *Code Ann.* § 26-801 "although the person claimed to have directly committed the crime . . . has been acquitted." The same result was reached under the former law in those cases where a principal in the second degree was indicted as a principal in the first degree but found guilty as an aider and abettor and subjected to the same punishment. "Where A and B are present, and A commits an offense in which B aids and abets him, the indictment may either allege the matter according to the facts, or charge them both as principals in the first degree, for the act of one is the act of the other, and upon such indictment B who was present, aiding and abetting, may be convicted, though A is acquitted." *Maughon v. State,* 9 Ga. App. 559 (2) (71 SE 922). While such a result is difficult to defend as a moral principle, its legal pedigree is well established.

Nor can it be said that when Clarence Hannah launched himself into the fray on the side of his brother he still maintained a complete separation between his acts and those of the co-defendant. Under the evidence the jury had to choose between his theory, that he came to the defense of a family member threatened by physical harm, and the State's theory that James Hannah gratuitously reentered the restaurant from which he had been expelled, after procuring a weapon, and attempted to terrorize those present, and that his brother was supporting him in this project. In *Pope v. State,* 13 Ga. App. 711, 713 (79 SE 909), where it was urged that the defendant could not be convicted of manslaughter in a homicide not perpetrated by himself, the

court said: "A principal in the second degree, however, is one who is present, aiding and abetting the act to be done, and the same causes which influence the principal in the first degree to be suddenly overwhelmed with the impulse to kill may operate upon a friend or near relative who may be present. Two friends may be traversing together a public highway; one of them may be assaulted by a third person, and, under the sudden impulse of passion engendered in the principal's companion by the natural bias of friendship, he may participate in acts that show participation in the intent to kill which has only instantaneously developed in the mind of his fellow. The human mind operates with such celerity that this is only one of the many illustrations which might be given to show that one in aiding and abetting another to commit a homicide may be mastered by the impulse, and his act may be the result of an intent entertained in common with another although there was no premeditation and no conspiracy." It follows that the conviction of James Hannah under Count 2 and of Clarence Hannah under Counts 2 and 3 is supported by evidence.

■ The remaining enumeration of error is disposed of by the reasoning above set out. The defendant James Hannah objected to the court's permission granted to Goforth to exhibit the scar made by Clarence Hannah's knife on his person, on the ground that the wound was not inflicted by the defendant on trial. But James could be an aider and abettor of and a party to the criminal act of Clarence just as Clarence aided and abetted in the acts of James. Whether a witness may be permitted to exhibit wounds or injuries to the jury is a matter largely within the discretion of the trial court. *Pidcock v. West*, 24 Ga. App. 785 (3) (102 SE 360); 32 CJS 769, Evidence, § 610.

*Judgments affirmed. Jordan, P. J., and Clark, J., concur.*