### 67142. MOORE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals his conviction and his sentences for the offenses of kidnapping, rape and aggravated assault following the

denial of his motion for new trial, as amended. *Held:*

1. By motion in limine and objections at trial defendant attempted to prevent the admission into evidence of testimony given by a witness who alleged that defendant had raped her in Warner Robins more than 12 months prior to the alleged rape of which defendant was charged in the case sub judice. The trial court overruled defendant's motion in limine and objections, and admitted the testimony in question. The defendant, while acknowledging the decision of *Davis v. State,* 249 Ga. 309, 310 (1) (290 SE2d 273), contends that the dissimilarities between the testimony as to the independent crime and as to the offense charged are "so numerous and so definite that the proof" of the independent crime does not tend to prove defendant's guilt of the offense charged. Both the victim of the alleged independent crime and the victim of the offense charged testified that: Within hours after meeting defendant, they were forced by defendant to walk late at night in darkness to a wooded area, where they were forced to participate in repeated sexual intercourse with defendant and were not permitted to leave until the early daylight hours. This is a sufficient similarity to meet this requirement of admissibility. *Davis v. State,* 249 Ga. 309, 311, supra.

2. Defendant contends that the trial court has violated the equal protection and due process clauses of the Georgia Constitution and the United States Constitution by admitting evidence of his prior sexual activities while similar evidence in regard to the prosecutor is prohibited by OCGA § 24-2-3 (a) (formerly Code Ann. § 38-202.1 (Ga. L. 1976, p. 741)). This issue was not raised before the trial court, and therefore, may not be considered by this court on appeal. *Tenant v. State,* 151 Ga. App. 891, 894 (6) (262 SE2d 204).

3. Defendant contends that the trial court erred "when it allowed the State to cross-examine [defendant] on an alleged incident... in Warner Robins, Georgia, because by doing so the State impeached [the defendant] through a means not allowed by law." Although defense counsel objected at trial to the testimony in question on other grounds (relevancy and bringing defendant's character into issue by evidence of prior criminal charges) the issue of improper impeachment now argued was not raised at trial. This court will not consider issues raised for the first time on appeal. *Sanders v. State,* 134 Ga. App. 825, 826 (1) (216 SE2d 371); *Warren v. State,* 158 Ga. App. 533, 534 (3) (281 SE2d 291).

4. Defendant contends the trial court erred in admitting into evidence his video-taped statement to police due to evidence that he was so intoxicated and sleepy at the time of the statement that his waiver of rights was not freely and voluntarily given. Defendant was arrested shortly after 9:00 a.m. on August 26, 1982, and gave the

statement in question approximately three hours later. Although there was evidence that defendant had consumed a quantity of alcoholic beverages during the previous night and may have had little sleep during that period, the officer who questioned defendant testified that he did not appear to be under the influence of alcohol at the time the statement was made, that defendant was coherent and precise as to what he was saying. After reviewing the evidence, we hold that the trial court was authorized to find that defendant freely and voluntarily waived his constitutional rights in accord with the decision in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). *Nettles v. State,* 249 Ga. 787, 789 (2) (294 SE2d 492).

5. Defendant objected to admission of portions of his statement to police. In response thereto, the trial court instructed the state to edit the video tape to remove some but not all of the portions of the recording to which defendant had objected. Subsequently, when the state requested permission to play the edited video tape for the benefit of the jury defense counsel stated: "No objections, Your Honor." The trial court then directed that the video tape be played for the jury. Under these circumstances defense counsel waived any right to assert error in regard to the playing of the edited video tape for the jury. *Sims v. State,* 234 Ga. 177, 179 (4) (214 SE2d 902), (overruled on other grounds by *White v. State,* 243 Ga. 250 (253 SE2d 694)).

6. Defendant's fifth and sixth enumerations of error address the definition of "deadly weapon" as used in former Code Ann. § 26-1302 (a) (2) (Ga. L. 1982, p. 1242) (now OCGA § 16-5-21). In *Watts v. State,* 142 Ga. App. 857, 858 (4), 859 (237 SE2d 231), this court held that "if [the weapon] reasonably appeared to the victim to be deadly, then the [defendant] should be held to the consequences of using a 'deadly weapon.' " See also *Adsitt v. State,* 248 Ga. 237, 240 (6) (282 SE2d 305).

The charge given to the jury on this issue was in substance consistent with the above quoted language. Although there is mention of the hypothetical prudent person concept in *Watts v. State,* 142 Ga. App. 857, 858 (4), supra, we do not understand the case to require that the analysis be conducted in terms of the apprehensions of a hypothetical prudent person rather than of the victim. (The victims of the aggravated assault and of the kidnapping and rape were different individuals.) We note that our Supreme Court, in adopting the reasoning in *Watts v. State,* 142 Ga. App. 857, 858 (4), supra, refers to "the reasonable apprehensions of the victim." See *Adsitt v. State,* 248 Ga. 237, 241 (6), supra. We find no error in the trial court's charge on this issue.

The weapon in question, an air rifle (pellet gun), was presented in evidence. Although a firearm is apparently a deadly weapon per se (*Adsitt v. State,* 248 Ga. 237, 240 (6), supra) the "deadliness" issue in regard to an air rifle is for the jury. As we are unable to conclude as a matter of law that the air rifle was not reasonably perceived by the victim of the alleged aggravated assault to be a firearm, we find no error in the trial court's denial of defendant's motion for directed verdict of acquittal.

7. Defendant's final enumeration of error contends that the trial court erred in sentencing him under the recidivist provisions of OCGA § 17-10-7 (b) (formerly Code Ann. § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355)) (involving punishment of persons previously convicted of three felonies). Defendant relies upon the provisions of OCGA § 17-10-7 (c) (Code Ann. § 27-2511), supra, whereby a number of prior convictions including two or more indictments "consolidated for trial" are to be deemed only one conviction. The prior convictions which defendant would consolidate involve separate indictments, pleas of guilty before the same judge on the same date, concurrent sentences, and similar orders for probation. Relying upon *Cofer v. Hopper,* 233 Ga. 155, 156 (4) (210 SE2d 678), defendant contends that after consolidation he has only two prior convictions. However, as separate sentence and probation orders were entered on each of the indictments we find no "con-solidation for trial" within the meaning of OCGA § 17-10-7 (c) (Code Ann. § 27-2511), supra. See *Frazier v. State,* 155 Ga. App. 683, 684 (2) (272 SE2d 548), involving facts as to the sentencing phase similar to the case sub judice wherein *Cofer v. Hopper,* 233 Ga. 155, supra, was distinguished on the facts. The trial court did not err in imposing sentence upon defendant pursuant to OCGA § 17-10-7 (b) (Code Ann. § 27-2511), supra.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 23, 1983 —

*James C. Wyatt,* for appellant.

*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assistant District Attorney,* for appellee.