### 68928. McWILLIAMS v. THE STATE.
#### (322 SE2d 87)

BANKE, Presiding Judge.

Tom McWilliams appeals his conviction of one count of aggravated assault upon a peace officer and one count of aggravated assault.

The evidence established that, while being transported by a taxi from a bar to his home, McWilliams engaged in a dispute over the amount of the fare, then became involved in a physical altercation with an employee of the cab company who was accompanying the driver, and ultimately fired several shots from a pistol as the cab hurriedly departed his driveway. Although McWilliams testified that he fired in the air, the occupants of the cab stated that the weapon was pointed at the cab when it was fired.

Shortly following these events, three uniformed deputy sheriffs arrived at McWilliams' residence. These officers testified that when they knocked at the door and identified themselves, McWilliams opened the door and began cursing at them. According to the deputy who was nearest to the door, McWilliams then placed a hand in his trousers pocket, told the officers to get off his property, pulled out a gun, and dropped it as "his hand went to come toward me." This deputy further stated that he was within an arm's length of the gun and in "reasonable apprehension of being shot." As he retrieved the weapon, which proved to be loaded, the other two officers restrained McWilliams. *Held*:

1. McWilliams enumerates as error the denial of his motion for a directed verdict of acquittal as to the offense of aggravated assault upon a peace officer, contending that the evidence fails to establish anything more than a mere preparation to commit an assault. However, whether or not the peace officers were in reasonable apprehension of immediately receiving a violent injury from a deadly weapon was a question to be determined by the jury. See *Moore v. State*, 169 Ga. App. 24 (6) (311 SE2d 226) (1983). Based on the evidence of record, we are satisfied that a rational trier of fact could have found beyond reasonable doubt that McWilliams was guilty of the offense of aggravated assault upon a peace officer. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v.*

*State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. McWilliams also contends that the trial court erred in refusing to charge the jury, upon request, that he could not be convicted of aggravated assault upon the cab occupants unless he specifically intended to shoot one or both of them. When an assault is made with a deadly weapon, the assault is aggravated, regardless of whether the accused had a specific intent to kill or wound the victim. See generally *Ross v. State*, 131 Ga. App. 587 (1) (206 SE2d 554) (1974). The emphasis, in other words, is upon the state of mind of the victim, rather than the state of mind of the accused, that is, whether the victim was placed in reasonable apprehension of death or serious bodily injury. See *Hurt v. State*, 158 Ga. App. 722 (282 SE2d 192) (1981); *Watts v. State*, 142 Ga. App. 857 (4) (237 SE2d 231) (1977). See also OCGA §§ 16-5-20 (a) (2), 16-5-21 (a) (2). It follows that the trial court did not err in refusing to grant the requested charge.

3. Appellant further contends that the trial court's charge on intent was unconstitutionally burden shifting in that it included language to the effect that intent "may be presumed when it is the natural and necessary consequences of the act." Our Supreme Court has previously ruled that such language does not shift the burden of persuasion to a defendant in a criminal case and does not violate the defendant's due process rights. See *Wilson v. Zant*, 249 Ga. 373 (3) (290 SE2d 442) (1982). See also *Bright v. State*, 251 Ga. 440 (1) (306 SE2d 293) (1983). Accordingly, this enumeration of error is without merit.

4. McWilliams contends that the trial court erred in its charge to the jury regarding the assessment of his credibility as a witness. The trial court's charge in this respect was virtually identical to the language approved by this court in *Hudson v. State*, 108 Ga. App. 192 (4) (132 SE2d 508) (1963); and such a charge has been consistently approved in subsequent cases. See, e.g., *Johns v. State*, 239 Ga. 681 (4) (238 SE2d 372) (1977); *Arnold v. State*, 139 Ga. App. 594 (1) (229 SE2d 77) (1976). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 6, 1984.

*Charles T. Erion*, for appellant.
*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Thomas J. Matthews, Assistant District Attorneys*, for appellee.