Ex'rs of Cunningham *vs.* Maund and Wade.

[THIS CASE WAS OMITTED IN ITS PROPER PLACE.]

No. 8.— The executors of ROBERT CUNNINGHAM *vs.* WILLIAM MAUND and WILLIAM H. WADE, defendants in error.

[1.] The county in which the family of the defendant permanently reside at the time of the service of the writ, is by the Act of 1838, the place of his residence, and he may be sued there; although he may be boarding and doing business in another county.

Plea to the jurisdiction. From Lee Superior Court. Tried before Judge WARREN. November Term, 1846.

For the history of the case, see the opinion of the Supreme Court.

STURGIS for the plaintiffs in error, relied upon the Statute passed in 1838. *Hotchkiss*, 547.

DUDLEY & CRAWFORD, for the defendant in error.

*By the Court—* WARNER, J. delivering the opinion.

In this case it appears from the record, that the plaintiffs in error instituted their action of assumpsit against the defendants in the Court below, in the County of Lee.

Maund, one of the defendants, filed his plea in abatement to the *jurisdiction* of the Court, alleging that at the time of the service of the writ, he was a citizen of the County of Baker, and not a citizen of the County of Lee. The plea of the defendant was traversed by the plaintiffs and on the trial thereof, the following facts were proved. The writ was served on the defendant by the Deputy Sheriff of Lee County, by leaving a copy at his usual place of residence 30th December, 1844. Maund resided a part of the year, and his family resided the whole of the year 1844, in the County of Lee. In the latter part of October, or first of November of that year, Maund went to the town of Albany in Baker County, with intention if he could get into business, to remove there; that he got employment, and boarded himself at Albany; his wife and family remained in the County of Lee until after the first of January, 1845, which was the place of their residence until that time. Maund boarded at a boarding

house in Albany from the time he went there until he removed his family; that he rented a house in Albany before the 25th December, 1844 for his family, and they removed to the same in January, 1845. The Court below instructed the jury among other things, "that the residence of the defendant's family was to be considered the place of his residence, and if there was a doubt as to where his residence was, they should be satisfied that the defendant went to Albany, and remained there with the intention of making the same his place of residence, and made provision for the removal of his family; if the jury should believe that the defendant went to Albany in Baker County, and remained there, intending the same to be his place of residence before and up to the time, and at the time of the service of the declaration, notwithstanding the family of the defendant remained in the County of Lee until after the time of said service, they must find the plea to be true, and against the issue tendered by the plaintiff." To which instruction the counsel for the plaintiffs excepted, and assigns the same for error in this Court.

[1.] The Act of 29th December, 1838, defines with *precision,* the residence of the defendant. By that act it is declared, "*the place where the family of any person shall permanently reside in this State,* and the place where any person having no family shall generally lodge, *shall be held and considered as the most notorious place of abode of such person, or persons respectively.*" According to the provisions of this statute, the only question of fact for the Court to have submitted to the jury was as to the *place* where the family of the defendant resided, *at the time of the service of the writ.* If they resided in the County of Lee at that time (as the testimony shows they did,) that was the place of the defendant's residence, as defined by the law of this State. We are therefore of the opinion that the Court below erred in its charge to the jury, "that if they should believe that the defendant went to Albany in Baker County and remained there, intending the same to be his place of residence, before and up to the time and at the time, of the service of the declaration, notwithstanding the family of defendant remained in the County of Lee until after the time of said service, they must find the plea to be true, and against the issue as tendered by the plaintiff."

Let the judgment of the Court below be reversed and a new trial granted.