12454.   ELROD *v.* THE STATE.

</div>

1. The court did not err in charging the jury that "the doctrine of reasonable fears only applies when the danger is urgent and pressing, or apparently so, at the time of the killing."

2. "The law presumes every homicide to be felonious, until the contrary appears from circumstances of alleviation, of excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him."

3. There was sufficient evidence to authorize the charge on mutual combat. *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Fordham* v. *State,* 24 *Ga. App.* 369 (100 S. E. 790); *Weldon* v. *State,* 21 *Ga. App.* 331 (8) (94 S. E. 326), and cases cited.

4. The court properly gave in charge § 65 of the Penal Code of 1910 (as to voluntary manslaughter), including the words: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." This charge was not rendered erroneous by failure to give in connection therewith other appropriate instructions. *Grimsley* v. *Singletary,* 133 *Ga.* 57 (3) (65 S. E. 92, 134 Am. St. R. 196); *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261). The rulings just cited apply also to the 10th ground of the amendment to the motion for a new trial. If fuller instructions were desired, they should have been requested, as required by § 1087 of the Penal Code and § 6084 of the Civil Code.

5. The judge having approved the verdict, and there being some evidence to support it, this court will not interfere.

<div align="center">

DECIDED JUNE 30, 1921.

</div>

Indictment for murder; conviction of manslaughter; from Franklin superior court — Judge W. L. Hodges. April 2, 1921.

*W. R. Little, J. H. & Emmett Skelton,* for plaintiff in error.
*A. S. Skelton, solicitor-general, G. L. Goode, Fermor Barrett,* contra.

BLOODWORTH, J. We will discuss only the first and second headnotes.

1. In the 4th ground of the motion for a new trial complaint is made that the court, after charging sections 70 and 71 of the Penal Code of 1910, added: " The doctrine of reasonable fears only applies when the danger is urgent and pressing or apparently so at the time of the killing." It is insisted that this charge " deprived the defendant of the right to rely upon justification of the killing under the fears of a reasonable man;" that it " qualified or limited the law of justifiable homicide as contained in sections 70 and 71 of the Penal Code," and that " it confined the jury's investigation to what happened at the *instant* of the killing." The charge is not subject to these criticisms. In *Williams* v. *State,* 120 *Ga.* 873. (48 S. E.◦ 370), Mr. Justice Evans said: " The court, while charging as to what the law regards as the fears of a reasonably courageous man, told the jury that the danger ' apprehended must be urgent and pressing, or apparently so, at the time of the killing.' It is insisted by the plaintiff in error that this instruction was not applicable to this case, and could only apply to a case where the evidence disclosed ' a mutual intention to fight.' We can not concur in this view. ' A bare fear ' of injury can never be regarded as sufficient to justify a homicide. Penal Code, § 71. And, as was said in the case of *Jackson* v. *State,* 91 *Ga.* 271 (1) : ' The doctrine of reasonable fear as a defense does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing.' " Counsel for plaintiff in error insists that the charge in that case is different from the one under consideration, because in that case the court charged the jury that the danger *apprehended* must be urgent and pressing or apparently so at the time of the killing, and in the charge in this case the word apprehended was omitted. We think this is " a distinction without a difference." However, in *Tolbirt* v. *State,* 124 *Ga.* 773 (4) (53 S. E. 327), the Supreme Court approved a charge in the exact language of the one of which complaint is made in this ground of the motion for a new trial, except that in this case the word " killing " is used, and in that the

word "homicide." To say that the excerpt from the charge quoted above confined the jury's investigation to what happened at the *instant* of the killing is to give to the charge too narrow a construction. Moreover, immediately following the instruction complained of the judge charged the jury that "in order to justify the killing under the excitement of the fears of a reasonable man, all the circumstances as they appeared to him, must have been sufficient to excite the fears of a reasonable man that his life or limb was in danger or that his person was in danger, and it must appear that he acted under such fears as these, and that he did not act in a spirit of revenge." Nor did the judge, in charging as to the different defenses which may arise under sections 70, 71 and 73 of the Penal Code, charge in such a way as would likely confuse these defenses. The instructions as to these different defenses were given separately, and the judge gave the jury appropriate instructions as to the cases in which the provisions of § 73 are applicable.

2. In the 5th and 7th grounds of the motion for a new trial it is alleged that the court erred in giving to the jury the following charge: "The law presumes every homicide to be felonious, until the contrary appears from circumstances of alleviation, of excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him." This is a quotation from the opinion in the case of *Hudgins* v. *State*, 2 *Ga.* 171, 188, and was properly given in charge to the jury in this case. In immediate connection with this excerpt the judge charged the jury that "if the evidence relied upon by the State to show the killing contains circumstances of alleviation or justification, the burden of proof that the crime was murder is not shifted." But even if this excerpt from the charge and that complained of in ground 6 of the motion for a new trial could be considered as erroneous, each was given while the judge was charging the jury on the subject of murder, and neither charge could have been harmful to the defendant, who was convicted of voluntary manslaughter. See *Thompson* v. *State*, 24 *Ga. App.* 144 (99 S. E. 891), and cases cited.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*