### 17738.  MARTIN *v.* THE STATE.

1. The evidence warranted the jury in concluding that the knife in question was a deadly weapon, and that the intent to kill was shown.
2. There having been no request to charge, and the court having twice instructed the jury in effect that in order to convict of assault with intent to murder they should be satisfied, from the evidence, "that the knife was a weapon likely to produce death, used in the manner in which it was used," and that the defendant cut "with a specific intent to kill," there is no merit in the exception that "the court erred in failing to charge  .  .  that intent to kill will not be presumed from an attack with a deadly weapon, where death has not ensued," and that the State must prove beyond a reasonable doubt that the assault was made with "a specific intent to kill."
3. Where the doctrine of reasonable fears is invoked as a defense by one charged with an assault with intent to murder with a deadly weapon, it is essential for the defense to show that the attack was necessary, or apparently necessary, to prevent the commission of a felony upon the person making it; and the instruction to the jury in this case, "that the danger must be so urgent and pressing at the time of the cutting, or it must appear that the danger was so urgent and pressing at the time, that it was necessary for the person to cut the other person," was entirely applicable to the defense made, in no wise deprived the defend-

Criminal Law, 16 C. J. p. 1056, n. 20; p. 1057, n. 21.
Homicide, 30 C. J. p. 31, n. 14, 17; p. 318, n. 96; p. 376, n. 66; p. 385, n. 15.

ant of his defense, was more favorable to the defendant than to the State, and was not error for any reason assigned.

(a) A "bare fear" on the part of a person that another is about to commit "a serious personal injury" upon him is never sufficient to justify a deadly assault with a weapon likely to produce death, and a charge to that effect did not eliminate the defense of "reasonable fears," was not calculated to lead the jury to believe that the defendant could not defend himself against any sort of an attack that might be made on him, and was not erroneous for any reason assigned.

DECIDED JANUARY 11, 1927.

Assault with intent to murder; from Putnam superior court— Judge Park. October 16, 1926.

*E. L. Stephens, R. C. Jenkins, W. O. Cooper Jr.,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

LUKE, J. T. O. Martin was convicted of assault with intent to murder. The gist of the evidence follows: The meeting of the defendant and A. L. Tuggle, the prosecutor, at the home of W. D. Anderson, an acquaintance, was entirely accidental. Martin arrived a short while before Tuggle, and was talking to Anderson on the latter's porch when Tuggle drove up to Anderson's house. When Martin saw Tuggle he said, "Yonder is the man who broke up my home, I will go out to see him." Anderson told Martin to go home, and he said he would, and that he was going to his automobile. Martin had an open knife in his hand when he left the porch. Tuggle had gotten out of his automobile and was standing by Zach Anderson's car, which was between Martin and his automobile, with his back to Martin. As Martin approached he said, "Good-bye, Mr. Anderson." Tuggle, who was standing with one foot on the running-board of Anderson's car, said to Martin, "How do you do?" Tuggle made no movement towards Martin, did not leave the side of the car, and had no weapon in his hand. He was smiling. Then "his face went set, and he run his hand down in his pocket, and Martin flashed by." Tuggle had no time to get anything. He straightened up and Martin cut him. In the struggle which followed, Tuggle caught Martin's knife hand and fell on top of him. Others interfered, the knife was taken from Martin, and W. D. Anderson took Tuggle to the doctor in his automobile. A year prior to the difficulty Martin threatened Tuggle, and the latter had been told of it and advised to keep away from Martin. Tuggle swore that he looked back, saw Martin within six

or eight feet of him with an open knife in his hand, and that Martin said, "Damn you, I have got you," and made a jump and cut him before he could get his own knife out. The knife was a very small one, opening and shutting with a spring, and having a blade estimated to be from an inch to two and a half inches long. One witness said it was dull, but that it could produce death when used as it was used, and that he knew it could kill a man. Tuggle swore that the knife was a deadly weapon, and that he would have been killed had Martin cut him where he tried to strike him. During the trip to the doctor's office Tuggle bled profusely, and fainted. Dr. Tolliver swore that there were two wounds in the back of the neck, one about four inches long, and the other just through the skin, about half an inch long; that he took five or six stitches in the larger wound, and none in the other; that the larger wound went to the muscles for about two thirds of its length, and was about half an inch deep at one end; and that the wounds were not serious, but that they were "close to very important centres and vessels," though they did not penetrate them. The knife was not in evidence. The defendant's statement at the trial was in effect that he was going to his car when Tuggle, apparently thinking he was going to him, ran his hand in his pocket for a knife, or something; that he, Martin, thought it was a case of his being killed or hurt, or of his hurting Tuggle; and that he had no murder in his heart, and was sorry it happened.

1. The evidence warranted the jury in concluding that the knife in question was a deadly weapon and that the intent to kill was shown. The evidence sustains the verdict, and there is no merit in the general grounds of the motion for new trial.

2. The first ground of the amendment to the motion for a new trial is that the court failed to charge that "intent to kill will not be presumed from an attack with a deadly weapon, where death has not ensued; and on the trial of a person charged with assault with intent to murder the burden is upon the State to prove beyond a reasonable doubt that the alleged assault, if made, was made with the specific intent to kill." That this criticism is not meritorious clearly appears from the following excerpt from the court's instructions to the jury: "Now, I stated to you just now, and I will repeat it, in order to convict the defendant of assault with intent to murder in this case, you would have to believe by the

evidence in this case that . . he did with a certain knife unlawfully and feloniously assault and cut Mr. A. L. Tuggle; you would have to further believe that the knife was a weapon likely to produce death, used in the manner in which it was used; you would have to further believe that he cut him with the specific intent to kill him, and with malice aforethought, either express or implied. If you are satisfied of these facts by the evidence in the case beyond a reasonable doubt, you would be authorized to convict the defendant of the offense of assault with intent to murder." It may not be amiss to state that the foregoing rules had been once already given the jury as indicated by the beginning of this excerpt. The next ground of the motion for a new trial raises the same question presented in the first ground, and for the same reason there is no merit in it.

3. The third ground of the amendment to the motion for a new trial really contains two grounds. The first alleges error in the following charge: "But the court charges you that if one person cuts another, and claims to cut him in self-defence, the danger must be so urgent and pressing at the time of the cutting, or it must appear that the danger was so urgent and pressing at the time, that it was necessary for the person to cut the other person." This excerpt is said to be error (1) because it deprived defendant of his sole defense that he acted under the fears of a reasonable man, and (2) because neither mutual combat nor manslaughter was involved in the case. "The doctrine of reasonable fear does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing." *Tolbirt* v. *State,* 124 *Ga.* 767 (4) (53 S. E. 327); *Jackson* v. *State,* 91 *Ga.* 271 (1) (18 S. E. 298, 44 Am. St. R. 22). "A bare fear of injury can never be regarded as sufficient to justify a homicide." *Williams* v. *State,* 120 *Ga.* 873 (48 S. E. 370). See also *Elrod* v. *State,* 27 *Ga. App.* 265 (1) (108 S. E. 67). The foregoing excerpt applies this principle to the case at bar, and is not objectionable for any reason assigned. *Newman* v. *State,* 60 *Ga.* 610 (1).

The second portion of this ground complains that the court charged that "under the laws of this State, if any person cuts another just under a bare fear that the other person is about to commit a serious personal injury upon him, why, he would not be jus-

tifiable, and it would not be a lawful cutting." It is said that this charge eliminated the sole defense, of "reasonable fears," and that it confused the jury, and made them "believe that no matter how great the danger, movant must not act, must not defend himself against any effort Tuggle might make to cut him." That a "bare fear" of a "serious personal" injury would have been no justification of the cutting in this case can not be questioned. See cases cited immediately above; also section 71 of the Penal Code. That this section is applicable to the sole defense relied on by the defendant,—that of "reasonable fears,"—is too well known to require citation of authority. The second alleged reason why this excerpt was error is too clearly a non sequitur to need discussion.

The last ground of the motion for a new trial, being but an elaboration of the general grounds, is controlled by our previous ruling that the evidence was sufficient to support the verdict.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*