40991. ALLEN v. McDERMOTT et al.

Decided October 23, 1964.

*Marshall L. Fountain,* for plaintiff in error.

*Kermit C. Bradford,* contra.

EBERHARDT, Judge. ■ The exception to the overruling of the general demurrers is without merit; nor does it matter that the orders were entered after the return of the verdict on the pleas to the jurisdiction. See *McLaurin v. Fields,* 4 Ga. App. 688 (1) (62 SE 114).

■ The evidence raised a question of fact as to whether Allen was a resident of Fulton County or of Jefferson County. It did not demand a finding that he was a resident of either county. He was admittedly of full age, was single and was spending at least five nights of each week in Atlanta where he was working. *Hinton v. Lindsay,* 20 Ga. 746 (1). For the purposes of *Code* § 79-401 he was without family. See *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261, 268 (52 SE 898). The jury was authorized to find that his "most notorious place of abode" was in Fulton County; consequently, his residence. *Cunningham v. Maund & Wade,* 2 Ga. 171, 172.

■ We doubt that there was error in excluding the Selective Service registration certificate dated in 1951 or the classification notice in 1956, but if there was, it was harmless, for Allen was permitted without objection to testify about these documents,

stating their contents, *Southern R. Co. v. Garner,* 101 Ga. App. 371 (114 SE2d 211); *Williams v. Colonial Pipeline Co.,* 109 Ga. App. 815, 816 (137 SE2d 667) and citations.

Error is assigned upon the charge of *Code* § 79-402 relative to a situation where one resides indifferently at two or more places in the State. The evidence would have supported a finding that Allen resided in Fulton County or in Jefferson County, though it did not demand a finding of either. See *Knight v. Bond & Brother,* 112 Ga. 828 (2) (38 SE 206); *Bellamy v. Bellamy,* 187 Ga. 804, 805 (1) (2 SE2d 413). The charge was not error.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*