46294. BURNETT v. HOPE et al.

DEEN, Judge. This is a tort action involving personal injuries resulting from an automobile collision. The interlocutory appeal is from an order of the trial judge denying defendant's motion to dismiss the action for lack of service. Service was in fact made under *Code Ann.* § 81A-104 (e) (2) permitting personal service out of the State as to a defendant who is a resident of this State, such fact appearing to the satisfaction of the court by affidavit or verified complaint. The affidavit in this case states positively that the defendant is a resident of Gwinnett County at a given address, which is in fact the home of her mother, a co-defendant, and that "upon information and belief said defendant is temporarily residing with her brother-in-law in Annandale, Va. and will not return to Norcross for several months." *Held:*

1. The positive sworn statement that the defendant is a resident

of Gwinnett County combined with the fact shown by the record that the defendant was actually served at the place indicated in Virginia is sufficient, prima facie, to prevent dismissal on the pleadings and return of service alone.

2. Depositions and other evidence may, however, be considered in connection with a hearing on a motion to dismiss under *Code Ann.* § 81A-112 (b) (5). Application of Wisconsin Alumni Research Foundation, 4 F. R. D. 263 holds to this effect as regards the equivalent Federal rule. The only deposition under consideration here is that of the appellant's mother, a co-defendant, who testified that her daughter is now 20 years old, that she purchased the automobile shortly before the collision in 1967; that the daughter paid for the car with earnings from wages she was receiving, but the mother took out the insurance in the latter's name; that at the time of service of the petition her daughter was in Virginia; that deponent understood she was there only temporarily visiting and was expected back for Christmas; that she now has a regular job there and deponent does not believe her daughter will ever be back. "Q. But if I understand correctly she was temporarily in Virginia, she had not at that time made a decision to move from your home, is that correct? A. Right. Q. When did she make her decision to stay in Virginia or has she? A. She hasn't really told me but I took it for granted she must be going to stay there."

Temporary residence may be a question of fact, but legal residence or domicile for the purpose of suit is a question of law and fact. *Williams v. Williams,* 226 Ga. 734 (177 SE2d 481). "There must be either the tacit or the explicit intention to change one's domicile before there is a change of legal residence." *Bush v. State,* 10 Ga. App. 544, 546 (73 SE 697). See also *Williams v. Williams,* 191 Ga. 437, 438 (12 SE2d 352). It is significant here that the appellant daughter has offered no testimony as to her intent to change her legal residence from Georgia to Virginia, or even as to her status as an emancipated minor with a right to choose her own domicile. See *Code* § 79-404. Whether her actual residence in Virginia is temporary, or whether she had chosen, at the time of the service of process in this action, to make that State her permanent resi-

dence, is a question of intent. The mother expressed no intent of her own and by that fact seemed to indicate that the daughter was emancipated with a right to choose her own place of abode, but the mother's testimony is based only on her own speculations and assumptions as to what the appellant's intent in fact was. All of this evidence must be construed against the movant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866). So construed, it does not demand a finding that the appellant's permanent legal residence was moved from Georgia to Virginia between the date of the collision when she was admittedly a Georgia resident, and the date of service in this action. Cf. *Allen v. McDermott,* 110 Ga. App. 536 (139 SE2d 143).

The motion to dismiss the complaint for lack of jurisdiction was properly overruled.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*

SUBMITTED JUNE 1, 1971—DECIDED JULY 2, 1971—
REHEARING DENIED JULY 15, 1971.

*Dennis & Fain, Dennis J. Webb,* for appellant.
*A. Ed Lane,* for appellees.