## 48340. BOYER v. KING.

QUILLIAN, Judge. This action commenced with the filing of an unverified complaint in the State Court of DeKalb County by H. T. King, Transferee of the Citizens & Southern National Bank, (referred to hereinafter as "appellee") naming Calitis Boyer a/k/a Cletis Boyer a/k/a Clete Boyer as defendant (hereinafter referred to as "appellant") and alleging certain indebtedness by appellant to appellee. It was alleged that appellant was subject to the jurisdiction of the court and that he could be served at 3142 Chamblee-Tucker Road, Atlanta, DeKalb County, Ga. Summons and process did issue in the case on January 31, 1973. On the same date a deputy marshal of the State Court of DeKalb County attempted to perfect service upon appellant "by leaving a copy of the action and summons at his most notorious place of abode in this county delivered same into hands of Mrs. Boyer. . ."

In response to the complaint a motion to dismiss for insufficiency of service of process was filed wherein appellant denied ever being personally served, and alleged that the complaint was served upon Marilyn King Boyer at her place of residence, and denied that he resided at that address. A rule nisi issued compelling plaintiff to appear and show cause why the motion to dismiss for insufficiency of service of process should not be granted.

The affidavit of Marilyn King Boyer was presented to the court in support of the motion to dismiss. Mrs. Boyer's affidavit, which was given according to her own personal knowledge and information, showed the following: "That on or about the 31st day of January, 1973, I was served with certain papers purporting to be a complaint and process in this action at my residence at 3142 Chamblee-Tucker Road, Chamblee, Georgia. Deponent shows that she and Cletis Boyer have been living in

a bona fide state of separation since August 1, 1970. Deponent shows that there is currently pending in the Superior Court of DeKalb County a divorce action wherein she seeks total divorce from the said Cletis Boyer. Deponent shows that under the terms of an agreement dated January 23, 1973, and filed in connection with the aforesaid divorce action the said Cletis Boyer renounced all right, title and interest in and to that certain house and lot located at 3142 Chamblee Tucker Road, Chamblee, DeKalb County, Georgia. Deponent shows that since the date of their aforesaid separation the said Cletis Boyer has not maintained a residence at, lived at, or maintained his place of abode at 3142 Chamblee Tucker Road, Chamblee, DeKalb County, Georgia. Deponent shows that since the date of their separation the said Cletis Boyer has lived elsewhere in and about the metropolitan Atlanta, Georgia area, and that exact place of his current residence is unknown to deponent. Deponent shows that she had not been appointed or nominated to serve as agent for service of process on behalf of Cletis Boyer for any purpose whatsoever. Deponent shows that to the contrary she is a party litigant to the aforesaid action for divorce whose interests are contrary to the interests of Cletis Boyer and that as a result she is not authorized, empowered or able to serve as agent for service of process."

No other evidence was presented to the court for consideration in ruling on the motion.

Based upon the pleadings, the affidavit of Marilyn King Boyer, and argument of counsel, the motion to dismiss for insufficiency of service of process was denied. It is from that order that the appellant filed an appeal. *Held:*

Under the provisions of Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) when the defendant contends that there was an insufficiency of service of process a motion to dismiss is the proper method to raise the issue. See *Weems v. Weems,* 225 Ga. 154, 155 (2) (166 SE2d 352). The appellee contends that under Code § 81-404 the motion or plea should have been sworn to. The statute upon which the appellee relies has been repealed in regard to courts of record (Code Ann. § 81A-101; Ga. L. 1966, pp. 609, 610, and Code Ann. § 81A-201; Ga. L. 1966, pp. 609, 687; 1967, pp. 226, 242, 243, 246, 247, 249) and the Civil Practice Act would govern the case sub judice. See *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (1) (176 SE2d 604).

There being no showing to the contrary the affidavit filed by the

appellant proved without contradiction that the appellant was not served with the complaint as provided by law. Affidavits may be used in support of motions "based on facts not appearing of record." Code Ann. § 81A-143 (b) (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108).

The appellee argues that the appellant did not appear or file an affidavit and therefore the motion should be overruled. In *Burnett v. Hope,* 124 Ga. App. 273 (183 SE2d 505), this court held that the overruling of the motion was correct. While the court did take notice of the fact that defendant in that case did not testify, that was not the basis of the court's ruling. In the *Hope* case the reason for the decision was the fact that testimony by defendant's mother was based on her speculations and assumptions.

The overruling of the motion to dismiss was error.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED JULY 2, 1973 — DECIDED SEPTEMBER 19, 1973.

*Peek, Whaley & Haldi, C. Glenn Sanford,* for appellant.
*Lewis N. Jones, Doug Johnson,* for appellee.