50418, 50419. DELCHER BROTHERS STORAGE COMPANY et al. v. WARD (two cases).

STOLZ, Judge.

These are separate actions by a husband and wife against a nonresident motor carrier, its indemnity insurer, and its nonresident driver (the latter two were later dismissed as parties defendant) to recover for personal and property damages sustained in a collision between the plaintiffs' automobile and the defendant carrier's truck on February 11, 1971, in Chatham County, Ga., allegedly caused by the defendants' negligence. The complaints were filed on January 4, 1973, and service of process was made on the secretary of state as agent for the defendant carrier on July 1, 1974.

The showing on the defendants' motion to dismiss on the ground of the statute of limitation, treated as a motion for summary judgment, was that the plaintiffs' timely service could not be accepted by the defendant carrier's designated agent for service in Fulton County, Ga., because he had had a stroke; that the plaintiffs' counsel thereafter contacted the Georgia Public Service Commission at least 4 or 5 times during 1973 to determine whether the defendant carrier had appointed another agent for service, which it had not; that in the latter part of June, 1974, the plaintiffs' counsel was informed that the defendant carrier's authority had been canceled October 2, 1973, and that their agent for service had died; that, promptly thereafter, service was effected through the secretary of state.

The defendant carrier appeals from the denial of its motion to dismiss. *Held:*

"The filing of a suit with the clerk of a court will toll the running of the statute of limitation if it is followed up with a perfection of service within the time required by law; aliter if service is delayed beyond the time specified for making it, *particularly where it appears that the plaintiff has not acted with diligence in getting service perfected.*" (Emphasis supplied.) *Hilton v. Maddox, Bishop, Hayton Frame &c. Contractors,* 125 Ga. App. 423 (1) (188 SE2d 167); *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875, 880 (2) (201 SE2d 628), and cases cited therein. The trial judge's discretion in ruling on the motion to dismiss was a legal one, based upon a showing of *reasonable* diligence and effort to get service perfected; dismissal as a matter of law would have been proper only where the plaintiffs had taken *no* action. *Smart v. Wilson,* 117 Ga. App. 572, 573 (161 SE2d 409) and cits.

In the case sub judice, the plaintiffs attempted to perfect service on the foreign motor common carrier under the provisions of Code Ann. § 68-618 as amended, which was a proper method of service. *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 816 (108 SE2d 561). That statute provides that "Upon failure of any nonresident motor common carrier. . .to *maintain* such an agent [for service] in this State at the address given, such nonresident carrier shall be conclusively deemed to have designated the Secretary of State and his successors in office as such agent; . . ." (Emphasis supplied.) At what point did the defendant carrier fail to maintain its agent for service? It could be argued that it was after a reasonable time following the occurrence of the agent's stroke, which disabled him from accepting service. If this point of time is accepted, the plaintiffs may have had a duty to immediately perfect service through the Secretary of State, as provided by § 68-618, supra, rather than delaying service until the defendant should appoint another agent (which it never did). On the other hand, was the plaintiffs' counsel justified in assuming that the defendant would be diligent in performing its statutory obligation of appointing and maintaining another agent? If so, was he "reasonably diligent" in trying to determine

the status of the agency by contacting the Commission "4 or 5 times" or more *prior* to October 2, 1973, but apparently not at all for approximately 9 months thereafter (until the latter part of June, 1974)?

If the possible effect of the plaintiffs' belated service was laches, as indicated in *Hilton,* 125 Ga. App. 423, supra, p. 426, could not this equitable doctrine also be applied to the defendant, which failed to maintain an agent for service, as required by our statute, for at least a year and a half, during which time it could be found to have had actual, if not legal, notice that the plaintiffs were attempting to obtain service of the actions against it? The defendant cannot invoke the aid of equitable principles when it does not come into court with completely "clean hands" itself. The law deplores sloth and lack of diligence in asserting one's rights, but at the same time the law does not favor defaults, forfeitures and waivers of rights, especially when the opposing party actively or passively impedes the assertion of the rights by its action or inaction.

Thus, although the plaintiffs' counsel may not have been as diligent in perfecting service as he might have been, he did exercise *some* diligence and effort and took the actions prescribed by the statute, even if somewhat belatedly. The trial judge weighed the equities between the opposing parties and decided against the alleged tortfeasor. We cannot say as a matter of law that he abused his discretion in denying the motion to dismiss.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 26, 1975 — DECIDED APRIL 11, 1975 — REHEARING DENIED APRIL 30, 1975 —

*Oliver, Maner & Gray, James L. Pannell,* for appellants.

*J. Walter Cowart,* for appellees.