### 50924. EARLY et al. v. ORR.

BELL, Chief Judge.

This is a personal injury and property damage suit which arose from an automobile collision in Fulton County on June 18, 1972, with suit filed on September 21,

1973. Defendant was not served until August 27, 1974. Defendant answered and moved to dismiss on the ground that the plaintiffs' claim for personal injury was barred by the statute of limitation. In opposition to the motion and to show diligence in effecting service and in support of the contention that service upon the defendant related back to the date of filing and was within the statute, plaintiffs' counsel submitted his affidavit. While the affidavit makes vague reference to investigations made to locate defendant, it does not give any specific dates or describe the nature of the investigatory effort, or otherwise reflect any factual detail which would show a diligent attempt to locate the defendant. To the contrary, defendant submitted an affidavit reflecting in chronological order his various addresses in East Point and College Park, Georgia, from the date of the collision until the date of service. The trial court granted the motion to dismiss the part of the claim for personal injury, holding plaintiffs did not use due diligence in perfecting service. The court then certified its order for direct appeal. *Held:*

The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected. *Hilton v. Maddox, Bishop, Hayton &c., Inc.,* 125 Ga. App. 423 (188 SE2d 167); *Delcher Bros. &c. Co. v. Ward,* 134 Ga. App. 686 (215 SE2d 516). Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that plaintiffs did not exercise due diligence in attempting to perfect timely service on defendant in the personal injury portion of the claim.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 29, 1975.

*Ware & Otonicar, Jerome C. Ware,* for appellants. *Greer & Klosik, Richard G. Greer,* for appellee.