### 57427. McGHEE v. KROGER COMPANY et al.

SMITH, Judge.

Appellant McGhee filed a third-party action against appellees, Kroger Company and Insurance Company of North America, and it is from the grant of their motion to dismiss that this appeal arises. We affirm.

By an October 14, 1976 order of the State Board of Workers' Compensation, appellees were ordered to pay Urban Medical Hospital for an as-of-then undetermined amount of expenses incurred there by appellant. Having received no compensation, on May 15, 1978, the hospital filed suit against appellant for a $695.10 indebtedness. Appellant filed a third-party complaint against appellees, seeking recovery both of any amount the hospital succeeded in recovering from her and of her attorney fees incurred in defending the hospital's action and prosecuting the third-party complaint. Thereupon appellee Insurance Company of North America, prior to the filing of appellees' answer and motion to dismiss, discharged the indebtedness to the hospital and the latter dismissed its action. The grounds of appellees' motion to dismiss, which accompanied their answer, were that the appellee insurance company had discharged the indebtedness, and that, as to the insurance company only, venue was improper and service was insufficient.

1. The return of service by the DeKalb County

deputy marshal conclusively showed that service was not perfected upon the insurance company. Therefore, as to the insurance company, the grant of the motion to dismiss was proper. See *Boyer v. King,* 129 Ga. App. 690 (200 SE2d 906) (1973).

· 2. Citing Code §§ 56-1206 and 114-712 (Ga. L. 1920, pp. 167, 201, as amended; superseded by Ga. L. 1978, pp. 2220, 2234, effective July 1, 1978), appellant contends that the grant of the motion to dismiss was incorrect, because Kroger should be held liable for a 25% penalty and attorney fees. Code § 56-1206, however, does not pertain, as it applies only to an "insurer," defined by Code § 56-103 as "every person engaged as indemnitor, surety or contractor who issues contracts of insurance." Assuming it would otherwise be applicable, neither is Code § 114-712 here apposite, since the discharge of the indebtedness, as a matter of law, was a "reasonable ground" for Kroger's defense. Code § 114-712.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED JUNE 13, 1979.

*Paul C. Myers,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Steve Goldner,* for appellees.