## 64807, 64906. TOROK v. MIZE (two cases).

BIRDSONG, Judge.

Service of Process. Ellen Mize, while driving her father's car on Roswell Road at the intersection of Piedmont Road in the early morning hours of April 4, 1981, was involved in an accident with an automobile driven by John Torok. Both cars and the drivers thereof suffered damages and injuries. John Torok and his wife Barbara filed separate suits in the Superior Court of Fulton County (he for damages and personal injuries and she for loss of consortium) on November 5, 1981, against Ellen Mize. (At the request of the parties, these two cases will be considered as one.)

Process was served at the address given by Ellen Mize at the scene of the accident which was a Fulton County street address and in fact was the home address of Ms. Mize's father. At the time the sheriff served the process, Ms. Mize's mother notified the sheriff that Ellen Mize did not live at that address and ultimately it was determined that Ellen Mize had moved to Miami, Florida, in September, 1981. In spite of the notice that Ellen Mize did not live at the Fulton County address, process was left with the mother. Ellen Mize filed answer on December 9, 1981, and in her first two defenses asserted she was not subject to the jurisdiction of the court for failure of personal service. An affidavit from Mrs. Mize (the mother) accompanied the answer supporting the lack of residence by Ellen Mize in Fulton County.

On December 18, John Torok noticed the intent to take an oral deposition from Ellen Mize. Ms. Mize filed a motion for protective order, still denying jurisdiction and requesting that discovery be by written interrogatory so as to preclude Ms. Mize from having to journey to Atlanta to give the deposition. The motion for protective order was granted. On January 4, 1982, Ms. Mize moved to dismiss the complaint for failure of the plaintiff (Torok) promptly to serve her with process. The trial court granted the motion to dismiss on February 8, 1982, 77 days after the complaint was filed in the superior court and 43 days after Torok was notified by Ms. Mize's counsel (in the motion for protective order) that necessary information to accomplish service could be obtained by written interrogatories. At no time by appropriate pleadings after the grant of the protective order did Torok seek to ascertain Ms. Mize's true address to perfect the service of process. The trial court granted the motion to dismiss for failure of timely service. Both the Toroks appeal, enumerating as error the trial court's abuse of discretion in restricting discovery and dismissing the complaint for failure of timely service without requiring Ms. Mize to respond to discovery requests. *Held:*

1. We find no error or abuse of discretion in the grant of the

motion for protective order. The only evidence before the trial court as to Ms. Mize's residence was the affidavit from the mother that Ellen Mize did not live at the Fulton County address. Prima facie, therefore, there had been no service of process upon the defendant Ellen Mize. Code Ann. § 81A-130 (a) authorizes the taking of an oral deposition from a party, but requires leave of court if plaintiff seeks to take the deposition prior to the expiration of 30 days after service of the summons and complaint upon the defendant. In the absence of proof of service upon the defendant, the deposition had to be taken with leave of court. Leave of court was not shown to have been obtained. Accordingly, the protective order properly was granted. Moreover, Torok has not produced a transcript of the hearing on the motion to protect. This court in reviewing an appeal from the exercise of a discretionary power by a trial court will assume the trial court properly exercised its discretion. *Young v. Jones,* 149 Ga. App. 819, 825 (4) (256 SE2d 58). See also: *Durdin v. Taylor,* 159 Ga. App. 675, 676 (285 SE2d 51).

2. Appellants' second enumeration likewise must fail. They complain that the trial court should have given them the opportunity to obtain the answers to interrogatories to perfect service before dismissing their complaints. In fact appellants (the Toroks) obtained Ellen Mize's address in a round-about way. Ms. Mize filed her own suit (still pending) against the Toroks alleging negligent injury. Torok sought a deposition in that companion suit and obtained the information that Ms. Mize had removed to Miami in September, 1981. However, at no time does the record in the instant case reflect that Torok filed an appropriate interrogatory seeking the specific information as to Ms. Mize's address in face of her denial of the Fulton County address in the Torok complaint. This court has previously held that dismissal is proper where there has been a delay of 56 days in service of process from the date of filing the complaint (*Bible v. Hughes,* 146 Ga. App. 769 (247 SE2d 584)) and where 70 days have elapsed. *Early v. Ore,* 135 Ga. App. 887 (219 SE2d 622). Under the facts of this case, we find no abuse of discretion by the trial court in dismissing the Toroks' complaints.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 27, 1982 — REHEARING DENIED NOVEMBER 10, 1982.

*Robert A. Elsner, Eugene P. Chambers, Jr.,* for appellants.
*James M. Poe,* for appellee.