## 64569. JARMON et al. v. MURPHY.

SOGNIER, Judge.

Denise Jarmon sued Allene Murphy for personal injuries sustained when the automobile in which Jarmon was a passenger collided with an automobile driven by Murphy. The collision occurred in Columbus, Georgia, on September 25, 1979; Jarmon's complaint against Murphy, an Alabama resident, was filed on September 11, 1981. Jurisdiction over Murphy was proper under Code Ann. § 24-113.1 (now OCGA § 9-10-91) and the complaint was filed within the two year statute of limitation for personal injuries. Code Ann. § 3-1004 (now OCGA § 9-3-33). However, Murphy was not served with the complaint until December 28, 1981. The trial court granted Murphy's motion to dismiss based on the statute of limitation and the doctrine of laches. Jarmon appeals.

1. Appellant contends that the trial court erred in dismissing her complaint because she demonstrated reasonable diligence under the circumstances in effecting service on appellee. Appellant argues that Murphy was estopped from raising the defense of laches because of her alleged misconduct in giving an incorrect address to the police officer investigating the collision.

Jarmon's attorney sent the complaint and summons to the Russell County sheriff's office in Phenix City, Alabama, on September 15, 1981; the documents were received on September 21, 1981. "When service is to be made within this State, the person making such service shall make such service within five days from the time of receiving the summons and complaint; but failure to make service within such five-day period will not invalidate a later service." Code Ann. § 81A-104 (c) (now OCGA § 9-11-4). Service could not be made on Murphy at the address provided by appellant's attorney and the complaint was returned to the attorney on September 22, 1981.

Appellant's attorney provided the Alabama sheriff with an address for Murphy which he had found on the accident report filed at the time of the collision. The address was copied from Murphy's driver's license; however, it proved to be incorrect. The sheriff returned the complaint with the notation that Murphy could not be found in Russell County.

Appellant argues that Murphy is not entitled to the equitable defense of laches because she is guilty of misconduct in failing to give her proper address to the investigating officer at the scene of the collision. Appellant cites *Delcher Bros. &c. Co. v. Ward,* 134 Ga. App. 686 (215 SE2d 516) (1975), in support of her argument. However, in *Delcher Bros.* the defendant failed to maintain an agent for service

which, therefore, made service impossible. In that case this court held that the trial court did not abuse its discretion in finding that the plaintiff had exercised *some* diligence in attempting to effect service. Id. at 688.

In the instant case, Murphy testified by affidavit that her street address (Ladonia Drive) had been the same for seven years and that she had been listed as Allene B. Murphy in the Columbus, Georgia telephone directory (which includes a listing for Phenix City, Alabama) at the same address and telephone number for seven years. She also stated that her designated mailing address listed on her driver's license (a rural route and box number) had been changed by the City of Phenix in 1979, subsequent to the issuance of her driver's license. There is no evidence that Murphy attempted to conceal her address. Murphy's correct address was given to appellant's attorney by Murphy's insurance carrier on December 9, 1981; the Russell County Sheriff's Department received the complaint and summons on December 22, 1981; and Murphy was served on December 28, 1981.

The trial court found as a matter of fact that appellant's attorney made no investigative attempts between September 22 and December 22 to locate Murphy other than conversations with appellee's insurance carrier regarding settlement. "[T]he burden is on the plaintiff to investigate and learn where the defendant may be located." *Cheek v. Norton,* 106 Ga. App. 280, 285 (126 SE2d 816) (1962). The trial court found that appellant was not reasonable and diligent in attempting to serve appellee and dismissed appellant's claim.

Appellant also contends that she relied on the Russell County Sheriff's Office to carry out its duty in serving Murphy, and that she was not at fault for failing to effect service after the sheriff had made a diligent search for Murphy and did not find her. We do not agree. The burden is on the *plaintiff,* not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible. *Bible v. Hughes,* 146 Ga. App. 769 (247 SE2d 584) (1978); *Scoggins v. State Farm &c. Ins. Co.,* 156 Ga. App. 408 (274 SE2d 775) (1980).

" 'The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected. (Cits.) Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that (plaintiff) did not exercise due diligence in attempting to perfect timely service on defendant.' . . . *Early v. Orr,* 135 Ga. App. 887, 888 (219 SE2d 622) (1975)." *Smith v. Griggs,* 164 Ga. App. 15, 18 (296 SE2d 87) (1982).

2. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided November 29, 1982 —
Rehearing denied December 15, 1982 — 

*Mark V. Spix, Spencer J. Krupp,* for appellants.
*Robert C. Martin, Jr.,* for appellee.