## 68721. ECHEVARRIA v. HUDGINS.
(325 SE2d 423)

SOGNIER, Judge.

Frank Echevarria brought this action against James Hudgins for personal injuries sustained during an automobile accident in Atlanta, Georgia on November 4, 1980. Echevarria's complaint against Hudgins was filed on October 28, 1982, several days before the expiration of the two-year statute of limitation for personal injuries, OCGA § 9-3-33. However, Hudgins was never served. On June 20, 1983 Hudgins filed a motion to dismiss for failure of service which was granted by the trial court. Echevarria filed a motion for reconsideration which

the trial court denied based on the doctrine of laches and the statute of limitation. Echevarria appeals.

1. Appellant's contention that the trial court erred by dismissing the action since appellee had not been served and therefore had no standing to file the motion to dismiss is without merit. Where the defendant contends that there has been no service or insufficient service of process, a motion to dismiss is the proper method to raise the issue. OCGA § 9-11-12 (b); see *McGhee v. Kroger Co.*, 150 Ga. App. 291 (257 SE2d 361) (1979); *Boyer v. King*, 129 Ga. App. 690, 691 (200 SE2d 906) (1973).

2. Appellant contends that he demonstrated reasonable diligence in attempting service on appellee and that the trial court therefore erred by dismissing his complaint. Service has never been made on appellee in this action. "[T]he burden is on the plaintiff to investigate and learn where the defendant may be located." *Cheek v. Norton*, 106 Ga. App. 280, 285 (126 SE2d 816) (1962). In both the hearing on appellee's motion to dismiss and the hearing on appellant's motion to reconsider, the trial court reviewed evidence submitted by appellant and heard testimony from appellant's attorney regarding his efforts to locate and serve appellee. The trial court found "in the exercise of its discretion, that the efforts to locate and serve Defendant were not done with due diligence."

Among the numerous facts supporting the trial court's finding are the following: Appellant's attorney testified that he was informed shortly after filing suit that service could not be made on appellee at the address appellee had given at the time of the accident because appellee was currently in the army in California. The only verification appellant sought for this information was to call the number appellee had given at the time of the accident and speak with an unidentified male who answered the telephone and stated that appellee was in the army in California. Appellant's attorney admitted that he never actually went to the Fayette County address to talk personally with the individuals who lived there, never attempted to talk to appellee's friends or neighbors, and never hired an investigator or skip tracer in an effort to locate appellee. Instead, he turned the matter over to personnel in the office of a United States Senator, relying on them to locate appellee.

Appellant's attorney claims he continued to call the telephone number appellee had given, though it was not until June 1983, eight months after suit was filed, that he managed to contact appellee's mother at that number. Naturally she was in a position to accurately inform him that appellee was in the U. S. Marines. On June 20, 1983 a motion to dismiss was filed on behalf of appellee. Appellant's attorney, however, states he was unable to obtain appellee's correct address until the end of July 1983 when it was supplied by the Senator's

ffice. Despite that information, service was never made on appellee, a act noted by the trial court on September 19, 1983, the date of the earing on appellant's motion for reconsideration, almost eleven months after the filing of the action and two and a half months after ppellant's attorney learned of appellee's correct address.

The determination whether a plaintiff exercised due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and, as in all instances involving the trial court's discretion, his determination will not be disturbed on appeal absent abuse. *Forsyth v. Brazil*, 169 Ga. App. 438, 439 (313 SE2d 138) (1984). In *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510) (1982) we affirmed the trial court's dismissal of an action filed just prior to the expiration of the statute of limitation and served three and one half months after filing. In *Jarmon*, as in the case sub judice, there was no evidence that the defendant attempted to conceal his address. In view of the total lack of service in this case, we find no abuse of discretion by the trial court in dismissing appellant's complaint as barred by the statute of limitation and the doctrine of laches. *Smith v. Griggs*, 164 Ga. App. 15, 17-18 (2) (296 SE2d 37) (1982); *Jarmon v. Murphy*, supra; *Torok v. Mize*, 164 Ga. App. 357, 358 (2) (296 SE2d 738) (1982).

3. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, P. J., and Pope, J. concur. McMurray, C. J., Carley, Benham, and Beasley, JJ., dissent.*

DECIDED NOVEMBER 21, 1984 —
REHEARING DENIED DECEMBER 11, 1984 —

*John T. Newton, Jr.*, for appellant.
*Philip C. Henry, Alexander H. Booth*, for appellee.

McMURRAY, Chief Judge, dissenting.

After reviewing the evidence I am unable to agree with the majority's conclusion that there was no abuse of discretion by the trial court in its determination that plaintiff was guilty of laches in failing to exercise due diligence in perfecting service on defendant. Therefore, I respectfully dissent.

Plaintiff's attorney testified that after the filing of the case (on October 28, 1982) he received a copy of the summons from the office of the clerk of the trial court upon which whomever had attempted service had written in that the defendant was in the Army in California. Subsequently, plaintiff's attorney called the telephone number which defendant had given plaintiff at the time of the collision and was told by an unidentified male that defendant was in the Army in

42

California. Thereafter, on November 10, 1982, plaintiff's attorney wrote the office of a particular United States Senator to request his assistance in locating defendant's address in the Army. By a letter dated November 19, 1982, plaintiff's counsel received an acknowledgment of his letter to the Senator. In January of 1983, a member of the Senator's office telephoned to inform plaintiff's counsel that they had located a James E. Hudgins but further inquiry revealed that this individual was a person other than the defendant.

Plaintiff's attorney then telephoned repeatedly the number defendant had given to plaintiff at the time of the collision and again was told by the same male (who in one telephone call identified himself as defendant's stepfather) that defendant was in the Army. On May 5, 1983, plaintiff's attorney drove to Fayetteville (the county seat of Fayette County, defendant had given plaintiff a Fayette County address at the time of the collision) to check voter registration lists but determined that defendant never registered there.

Plaintiff's attorney continued to call the telephone number defendant had given plaintiff at the time of the collision and on June 2, 1983, reached a woman at that number (apparently defendant's mother) who stated that defendant was in the Marines (rather than the Army) in California. On the following day, June 3, 1983, plaintiff's attorney telephoned the office of the United States Senator (and also on the same day sent a formal letter) to provide this new information and request assistance. By a letter dated June 30, 1983, plaintiff's attorney received an acknowledgment of his letter of June 3, 1983, and by a letter dated July 26, 1983, plaintiff's attorney received information from the Senator as to defendant's address with the Marines in California.

However, prior to the receipt by, plaintiff's attorney of defendant's correct address, defendant appeared specially through his attorney on June 20, 1983, to submit a motion to dismiss based on an insufficiency of service of process. Defendant's motion to dismiss was granted on July 21, 1983, and on September 19, 1983, plaintiff's motion to reconsider and set aside the dismissal (which noted his receipt of defendant's address) was denied.

When cross-examined, plaintiff's attorney expressed his confidence in the method he had chosen to locate defendant. This confidence seems reasonable in the light of the brief period of time within which defendant's correct address was supplied after the correction of the misinformation supplied by defendant's family (as to the branch of the service in which he was enlisted).

The delay in service appears to be more correctly attributed to the misinformation provided by defendant's stepfather than to any lack of reasonable diligence attributable to plaintiff. As I find an abuse of discretion by the trial court in its determination that plain-

tiff's efforts to locate defendant were not conducted in a reasonable and diligent manner, I would reverse.