## 71829. NEGELOW et al. v. MOUYAL.
### (341 SE2d 14)

SOGNIER, Judge.

Rochelle and Tomas Negelow brought this action for personal injuries against Lison Mouyal, a minor. The Negelows appeal from the trial court's grant of Mouyal's motion to dismiss for failure to comply with the requirements of service on a minor pursuant to OCGA § 9-11-4 (d) (3) prior to the expiration of the statute of limitation.

Appellants contend the trial court erred by dismissing their complaint because they exercised reasonable diligence in serving appellee. " '[OCGA § 9-11-4 (d) (3)] provides that if a suit is against a minor, service shall be made upon ". . . such minor, personally, *and* also to his father or his mother or his guardian or his duly appointed guardian ad litem . . ." (Emphasis supplied.) The Supreme Court "has strictly construed the provisions of this Code section, and rightfully so, since notice is the very bedrock of due process." [Cit.] Strict compliance with this statutory requisite is therefore essential in order for service of process to be properly perfected upon an infant. Accordingly, in order to perfect service upon a minor in this state, both the minor *and* his father or mother or guardian or guardian ad litem must be served.' [Cit.]" *Collins v. Collins*, 148 Ga. App. 103-104 (1) (250 SE2d 870) (1978). "The determination whether a plaintiff exercised due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and, as in all instances involving the trial court's discretion, his determination will not be disturbed on appeal absent abuse. [Cit.]" *Echevarria v. Hudgins*, 173 Ga. App. 39, 41 (2) (325 SE2d 423) (1984).

It is undisputed that although appellee was initially served on July 18, 1983, appellants failed to comply with OCGA § 9-11-4 (d) (3) by serving both appellee and appellee's mother until April 20, 1984, 38 days after the expiration of the two-year statute of limitation for personal injuries, OCGA § 9-3-33, and almost a year after the complaint had been filed. This court cannot consider appellants' statements in their brief not supported by the record, *Burkhead v. Am. Legion Post No. 51*, 175 Ga. App. 56, 58-59 (332 SE2d 311) (1985), and the record in this case is devoid of any facts supporting appellants' claims that they were not at fault in failing to properly serve

appellee. Thus, we find no merit to appellants' argument that the order in this case, reciting the dates of service, shows that the trial court failed to exercise his discretion. *Bible v. Hughes*, 146 Ga. App. 769, 771 (247 SE2d 584) (1978). Therefore, because appellants failed to meet their burden of showing lack of fault in failing to properly serve appellee within the statute of limitation, the trial court did not err by dismissing the complaint. Id.; *Echevarria*, supra at 41 (2). Further, even assuming as true the facts allegedly contained in appellants' proposed supplemental record, because those facts would not alter this opinion, appellants' Motion to Supplement the Record on Appeal is denied.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 26, 1986.

*Edward Kanner, Thomas M. Boyle III*, for appellants.
*Gary Hill, Peter K. Kintz*, for appellee.